No. 52.—Jacob Watson, assignee, &c. plaintiff in error, *vs.* Halsted, Taylor & Co. defendants.

[1.] An *alias fi. fa.* cannot regularly issue without an order of the Court for that purpose, which order should set forth all the previous proceedings which had taken place under the original execution.

[2.] Where an *alias* execution has been issued by the Clerk, without such order, the objection to the regularity of the proceeding comes too late, after the parties had litigated a claim case under such *alias fi. fa.* The defect will be considered as having been waived.

Illegality, in Pulaski Superior Court. Tried before Judge Hansell, October Term, 1850.

This was an affidavit of illegality filed by Robert N. Taylor, one of the firm of Halsted, Taylor & Co. to an *alias fi. fa.* issued in favor of Fellows, Wardsworth & Co. and controlled by Jacob Watson, upon the following grounds, among others:

1st. Because the *alias fi. fa.* was issued by the Clerk, upon the application of Watson, without any petition to or order from the Superior Court, or any affidavit showing the loss or destruction of the original.

2d. Because it does not appear anywhere of record, that the original *fi. fa.* is not now in existence.

3d. Because the *alias fi. fa.* was issued without authority of law, and is null and void.

Upon the trial, counsel for Watson proposed to prove by the Clerk and Judge C. B. Cole, that the *alias* was issued during the time Judge Cole presided in said Superior Court, and that his practice, while Judge, was to direct the Clerks to issue *alias fi. fas.* in the manner of the one in controversy.

The Court rejected the evidence, and this decision is assigned as error.

Upon argument, the Court sustained the grounds of illegality above recited, and this decision is assigned as error.

Counsel for Watson then proposed to file an affidavit, *instanter,* of the loss or destruction of the original, and moved the Court for an order, *nunc pro tunc,* for the issuing of the *fi. fa.* in controversy.

The Court refused the motion, and this decision is assigned as error.

It appeared to the Court that the *alias fi. fa.* had been issued over four years, and had been in litigation with the affiant during the most of that time.

Counsel for Watson insisted that, under these circumstances, the irregularity had been waived by Taylor.

The Court overruled the position, and this decision is assigned as error.

C. B. COLE, for plaintiff in error.

S. T. BAILEY, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Jacob Watson, holding an execution, by assignment from

Fellows, Wardsworth & Co. against Halsted, Taylor & Co. caused it to be levied on the property of Robert N. Taylor, one of the defendants, who arrested the *fi. fa.* by an affidavit of illegality, on the ground that it had issued without authority of law.

The facts are these : The original execution was returned to the office, with the entry of "no property," by the Sheriff. Upon being applied for by Watson, the transferee, it could not be found; whereupon the Clerk issued this *alias fi. fa.* in accordance with the practice which then prevailed in the Southern Circuit. This *alias fi. fa.* was levied on the property of Taylor, one of the defendants, when the property was claimed by him, as *guardian;* and upon the trial of the claim, the Jury found the property not subject.

[1.] Under these circumstances, while we hold that an *alias fi. fa.* cannot issue upon the mere motion of the Clerk, but by authority alone of the Court, upon proof being furnished as to the loss of the original, and of the proceedings which had been had thereon, (all of which should be set forth in the order directing the *alias fi. fa.* to issue,) still we think the objection in this case comes too late.

[2.] It should have been made in 1846, when this *alias* execution was first levied. The irregularity could then have been cured, as the seven years statutory bar or limitation had not at that time attached.

The present case comes fully within the principle laid down in *Evans vs. Rogers,* (1 *Kelly,* 463,) that "whenever proceedings in Court are irregular, application to set them aside should be made in the first instance," and that "if the party, after discovering the irregularity, proceed himself and take subsequent steps in the cause, or lie by and suffer the other party to do so, the Court will not assist him."

Judgment reversed.