No. 36.—EDWARD KELLOGG & Co. plaintiffs in error, vs. BUCK-
LER & SHORT, defendants in error.  THE SAME vs. GREEN
B. MAYO, defendant in error.

[1.] A judgment does not become dormant, if there is an execution issued
from it within two years from its date, and if entries by the Sheriff, on the
execution, follow one another at intervals of less than seven years.

[2.] A *fi. fa.* which exists by virtue of a special order of the Court, as an or-
der which, though it calls the *fi. fa.* an *alias*, says that the *fi. fa.* is to stand
in lieu of a lost original is not an *alias fi. fa.* but is an established copy of
a lost original *fi. fa.*

[3.] It is illegal for the Sheriff to sell under a *fi. fa.* property on which he
has not levied the *fi. fa.*

[4.] The Sheriff is not subject to be ruled out of his county.

Illegality, in Muscogee Superior Court.   Decision by Judge
WORRILL, at June Adjourned Term, 1854.

In 1838, a *fi. fa.* was issued from Muscogee Superior Court,
in favor of Edward Kellogg & Co. against Buckler & Short.
It was levied 29th January, 1839, which levy was sold March
1st, 1839.  In Sept. 1847, Wm. H. Gilmore, Sheriff of Lee
County, levied the *fi. fa.*  In June, 1853, G. B. Mayo, then
Sheriff of Lee County, offered this levy for sale.  In the mean-
time, the original *fi. fa.* being lost, at May Term, 1848, of
Muscogee Superior Court, an order was passed that the Clerk
issue an *alias fi. fa.* in lieu of the lost original.  Short, one of
the defendants, interposed an affidavit of illegality to the sale
by Mayo, Sheriff of Lee—

1st. Because the judgment on which the *fi. fa.* issued, is
dormant.

2d. Because the *alias fi. fa.* was illegally issued.

3d. Because the levy, as advertised by Mayo, was, as ap-
peared by said *fi. fa.* ordered to be dismissed, and no sale can
be had under the same.

On the trial of this illegality, sundry orders and entries on
the minutes were given in evidence as follows:

Kellogg & Co. vs. Buckler & Short and Mayo.

1st. The order at May Term, 1848, ordering an *alias fi. fa.* to issue.

2d. An order June 3d, 1848, ordering the levy in Lee to be entered on the *alias fi. fa.*

3d. At December Term, 1848, a motion made by Short to set aside the *alias fi. fa.*—1st. Because established without notice to defendant. 2d. Because the judgment was dormant; and 3d. Because it was paid off.

4th. An order at June Term, 1849, making the entries on the *fi. fa. by consent,* a part of the record.

5th. An order at May Term, 1851, stating, that it appearing that the *fi. fa.* had been levied, after which a *ca. sa.* had been issued, and Short arrested under the *ca. sa.* and it not appearing that any disposition had been made of said arrest : *Ordered,* that the levy be dismissed and the *fi. fa.* be returned to office. This order was entered on the *fi. fa.*

6th. A *ca. sa.* issued 6th day of November, 1840, on this judgment, with this entry on the back of *ca. sa.* (Copied from executions.) Received, Columbus, May 3d, 1839, $495$\frac{31}{100}$, in part of this *fi. fa.* proceeds of the above stated sale, from Joseph D. Bethune, Esq. Sheriff, and Tax and Jury fee, $5 00.
    PHILIP T. SCHLEY, Att'y for pl'ffs.
With an arrest of Short on the *ca. sa.* 7th Nov. 1840, by the Deputy Sheriff—Short's bond to appear and take the Honest Debtor's Oath, and an entry, by the Sheriff, of "Discharged by order of plaintiff's Attorney, without having paid the amount due 14th June, 1851."

7th. June 16th, 1851, a motion by Short's Counsel, to enter on minutes, *nunc pro tunc,* an entry from Bench Docket, opposite the *ca. sa.* and Sheriff's return of "non-suit at October Term, 1841," with an issue made up thereon by the Counsel for plaintiffs.

With this evidence before the Court, Counsel for plaintiffs moved to dismiss the illegality. The Court refused the motion and sustained the illegality, and this decision is assigned as error.

At the same term of Muscogee Superior Court, Counsel for

Kellogg & Co. moved a rule against Green B. Mayo, Sheriff of Lee County, to show cause why he should not pay over the money due on said *fi. fa.* Mayo showed for cause the foregoing state of facts; and farther, that he was not subject to rule in Muscogee County. The Court refused to grant the rule absolute, and this decision is assigned as error. Both cases were heard together in the Supreme Court.

JOHNSON & PATTERSON, for plaintiffs in error.

H. HOLT, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

In the first of these two cases, the sole question is, whether the Court below was right in refusing to dismiss the illegality proceeding.

The first ground assigned in the illegality proceeding was, that the judgment had become dormant.

The Act of 1822, commonly called the Dormant Judgment Act, declares that "all judgments" "on which no execution shall be sued out, or which execution, if sued out, no return shall be made by the proper officer for executing and returning the same, within seven years from the date of the judgment, shall be void and of no effect."

In this case, the judgment was obtained in 1838. In the same year, or early in the next, a *fi. fa.* was issued from the judgment. In 1839 this *fi. fa.* was levied; and soon afterwards, in the same year, the property levied on was sold. All this was entered, by the Sheriff, on the *fi. fa.*

On the 6th of November, 1840, a *ca. sa.* was issued from the judgment. On the 7th of November, 1840, Short, one of the defendants, was arrested under the *ca. sa.* and he gave bond for his appearance to take the benefit of the Honest Debtor's Act.

All this was entered on the *ca. sa.* by the Sheriff's deputy, the officer making the arrest.

In September, 1847, the *fi. fa.* was again levied—this time, by Gilmore, the Sheriff of Lee. And the levy was entered, by him, as Sheriff, on the *fi. fa.*

In 1853, Mayo, who had then become the Sheriff of Lee, offered the property thus levied on for sale; and to prevent him from selling the property, Short interposed the affidavit of illegality; to dismiss which, the motion aforesaid was made. The Sheriff properly returned this affidavit.

It thus appears, that the judgment, at the time when this affidavit was put in, had not become dormant; for it appears, first, that within less than two years from the date of the judgment, an execution was sued out from the judgment, and was levied on property of the defendants or of one of them; that this property was sold by the Sheriff, and that an entry of his levy and sale was made by him on the *fi. fa.* Secondly, that there was no interval of as much as seven years between any entry and the next following entry—the longest interval between any two such entries being that between the entry of arrest on the *casa*, which was dated 7th November, 1840, and that of the entry of the levy on the *fi. fa.* by Gilmore, which was dated in September, 1847, and that being less than seven years.

[1.] So it appears that the judgment had not become dormant.

The next ground assigned for the illegality proceeding, was, that the *fi. fa.* was an *alias fi. fa.*

It is true, that in such a case as this was, that of a lost *fi. fa.* —the law, as held by this Court, requires the substitute to be not an *alias fi. fa.* but an established copy of the original *fi. fa.* (11 *Ga.* 642.)

But we regard this *fi. fa.* as intended to be an established copy. For although it is called, in some of the proceedings in the case, an *alias fi. fa.* and although it is dated of a day subsequent to the day of the date of the one lost, and is signed by the person who was then Clerk, yet, it is, upon its face, not an *alias*, because it does say—"we command you, *as before we have commanded you*," *&c.* and because it is not the mere

ministerial act of the Clerk, as an *alias* is, but is a special act of the Court or the result of such an act, viz: of an order of the Court in the following words—"It appearing to the Court that a *fi. fa.* of which the above and foregoing is a copy and the entries thereon which has been lost or mislaid, so that the same is beyond the control of the plaintiffs: whereupon, it is ordered by the Court, that the Clerk do issue an *alias fi. fa.* in lieu of said lost original," and such an act or order of the Court, was the very sort of one which it would have been necessary to use for the establishment of a copy of the lost *fi. fa.* if the intention had been to establish such a copy.

Besides, the order carries upon its face marks of a design to establish a copy. Why else is the *fi. fa.* that is to be issued ordered to stand in *lieu* of the lost original ? An *alias* stands in lieu of nothing ; it is, itself, an original.

[2.] It appears, then, to this Court, that the *fi. fa.* was intended to be an established copy and not an *alias.*

And considering it as an established copy, the defects about it do not render it void—they are such as are amendable. " So, where a *fieri facias* is improperly *tested*, or made returnable on a *particular*, instead of a *general* return day, or on a day out of term, or in the common pleas 'before us,' instead of ' our Justices at *Westminster*,' it may be amended by the award of execution on the roll." (2 *Tidd's Practice.*)

The third ground taken in the affidavit of illegality was, that the levy which Mayo, the Sheriff, was about to execute by sale, was one which had been dismissed by the order of the Court.

[3.] And this was a good ground. The *fi. fa.* does not authorize a Sheriff to sell the defendant's property, without having levied on it. (*Cobb's Dig.* 509, 510.)

This ground being sufficient to support the illegality proceeding, the Court was right in over-ruling the motion to dismiss that proceeding.

And this disposes of the first of the two cases.

In the second case, the only question which it is necessary to decide, is whether Mayo, the Sheriff of Lee County, is subject to be ruled in Muscogee County—in the Superior Court

of Muscogee County—for not executing the execution from the judgment aforesaid, rendered by that Court.

A rule against the Sheriff is either a criminal proceeding—a proceeding in which the State is plaintiff, or it is a civil proceeding—a proceeding at the instance of a private person—a proceeding which is a mere civil suit. (*Penal Code, Div.* 15, *Sec.* 1. *Jud. Act of* 1799, *Sec's* 50, 52.)

If it be a criminal proceeding, it must be taken in the county in which the crime was committed. So says the Constitution, *Art.* 3.

In this case the crime, if any, had to be committed in the County of Lee. That was the only county in which the Sheriff of that county could, as Sheriff, act or fail to act, under the *fi. fa.*

If, therefore, the rule be a criminal proceeding, Lee was the county in which to take it.

If, on the contrary, the rule is a civil proceeding—a suit then also the rule, in this case, is to be taken in the County of Lee; for that is the county of the residence of the Sheriff, and he would be the defendant in the suit; and by the Constitution, all civil cases are to be tried in the county in which the defendant resides. (*Art.* 3.)

[4.] Either way, therefore, the Sheriff was not, in this case, to be ruled in the Superior Court of Muscogee County, although the *fi. fa.* was the process of that Court.

This is the result which we get from the Constitution and from Statutes; and this we understand to be sanctioned by the long-continued and unbroken usage of the Superior Courts. If it is law, it will have to be logic.

So we also affirm the judgment of the Court below in this second case.