McCay, Judge.
It is not necessary to discuss many of the points so elaborately insisted on in the argument of this case. If the charge of the Court, as to the effect of the previous sale upon the fi. fa. is right, there is no error in the judgment refusing a new trial. In common language we call a process of this sort a fi. fa. but it is in fact an order to the sheriff to seize and sell a particular parcel of land. This the proof showed the sheriff had done. That the plaintiff’s attorney had directed him to levy the fi. fa. on the land, that he had done so, advertised and sold it, and that the proceeds had been applied to the mortgage fi. fa. Prima facie, this was a complete exhausting, of the functions of the mortgage fi. fa. Its orders had been fully obeyed. The land it ordered sold had been all sold, and it could no longer proceed. It was functui officio. In reoly . this it was insisted that this sale, though made *142 under the directions of the plaintiff, was void, that at the time of the sale there was pending in Floyd Superior Court a *bill in equity in favor of Moyers, enjoining the plaintiff from selling this land by virtue of said mortgage ft. fa., that therefore, in thus selling the land, he was disobeying the injunction, acting illegally, in contempt of the injunction, and that the whole proceeding was therefore void.
We do not at present decide whether or not this is so. We incline to think that the plaintiff in the bill and those claiming under him, may insist upon its illegality and invalidity. But it is not in the mouth of the plaintiff in the ñ. fa. to come thus collaterally into a Court and plead the illegality of his own acts. We do not say he is estopped, in the sense of that rule which estops a man from denying the validity of an act or statement of his, under which a third person has .paid out money, or put himself in a position where it would be a fraud upon him to permit the other to repudiate his act.
The ground of this case is, that one will not be allowed to assert in a Court that his own act was a violation of law.
This levy and sale are existing facts.. They actually tooh place. Whether they are void or not may depend on the option of Moyers, or those claiming under him, or, perhaps, on the discretion of the Chancellor whose order was disobeyed. At any rate, we think the plaintiff cannot say they are void until there has been a proceeding to-set them aside. This has never been done. It is absurd to say that the order for the alias fi. fa. does this. The issue was not made before the Judge. Not only did the order pass without notice, but there was nothing in the papers even calling the attention of the Court to the fact. It was simply ignored.
We think, therefore, the Court was right in his charge on this point, and if so, the issue was properly found by the jury for the claimant.
Judgment affirmed.