MARY COOPER, plaintiff in error, *vs.* DANIEL HUFF, defendant in error.

Where, upon the trial of a claim case, the plaintiff offered in evidence the execution under which he levy purported to have been made, having thereon the following entry:

"This execution issued in lieu of lost original. April 29th, 1873.
    (Signed)                    "JESSE J. BRADFORD, *Clerk S. C. M. C.*"

Objection to its admissibility was properly overruled. Such entry, without more, did not affect the validity, which it otherwise appeared to have, as an original execution.

Executions. Evidence. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1874.

Reported in the decision.

RUSSELL & RUSSELL; B. A. THORNTON, for plaintiff in error.

INGRAM & CRAWFORD, for defendant.

WARNER, Chief Justice.

This was a claim case, and on the trial thereof, the jury, under the charge of the court, found the property levied on

subject to the plaintiff's execution. The case comes before us on a bill of exceptions to the rulings of the court in the progress of the trial. It appears from the record, that the execution offered in evidence by the plaintiff, had upon it the following entry:

"This execution issued in lieu of lost original. April 29th, 1873.    (Signed)    JESSE J. BRADFORD,
"*Clerk S. C. M. C.*"

The claimant objected to the introduction of the execution in evidence; the court overruled the objection and allowed it to be read, and that is the only error insisted on here to the ruling of the court. The execution on its face appears to have been issued as an original execution to enforce the judgment therein recited, and which was issued from the county court, and dated on the 4th day of August, 1867. What authority of law the clerk of the superior court had for making the entry upon it on the 29th day of April, 1873, that it was issued in lieu of lost original, and thereby convert an *original* execution into an *alias* execution, we are not advised. In no legal aspect of the case was that entry, without more, competent evidence to impeach or invalidate the original execution which had been levied on the property claimed, and the court did not err in overruling the claimant's objections to the execution because of the clerk's entry upon it, and in allowing it to be read in evidence to the jury.

Let the judgment of the court below be affirmed.