WILLIAM MILNER *et al.*, plaintiffs in error, *vs.* WARREN AKIN, executor, defendant in error.

1. An *alias* or copy *fi. fa.*, was established or issued by the clerk, by the judgment of the court, in 1867, and levied in 1868, and the property claimed; in 1874 a motion was made by claimant, with the defendant in *fi. fa.* joined as a party thereto, to quash the *fi. fa.*, because it was in the name of the deceased plaintiff, and the executor was not made a party to the judgment.

*Held*, that the motion came too late.

2. The *fi. fa.*, though called an *alias fi. fa.*, and though dated at a different time from the original, and signed by a different clerk, is in effect a copy, and may be established by order of the judge as a copy, and issue, on motion of the executor, in the name of the testator.

Executions. Lost Papers. Executors and Administrators. Before Judge McCUTCHEN. Bartow Superior Court. August Term, 1876.

Reported in the opinion.

A. JOHNSON; D. A. WALKER, for plaintiffs in error.

WARREN AKIN & SON, by brief, for defendant.

JACKSON, Judge.

This was a motion to quash an *alias fi. fa.* A valid judgment had been rendered, and was unsatisfied. The court-house, with the papers, was burnt, and in the year 1867—the judgment bearing date in 1861—Akin, as executor of Clayton, the plaintiff in judgment, moved the court to direct the clerk to issue an *alias fi. fa.*, as the first was lost or destroyed. It was levied, in 1868, upon property claimed by Milner, and Milner (McConnell, the defendant, being made a party also) moved to quash this *alias* or copy *fi. fa.* in 1874—seven years after it was issued—on the ground that

Akin had not been made a party to the judgment as executor, and for other irregularities.

1. We think that this motion came too late, and that, on this ground, the court was right in overruling the motion to quash. This court has ruled, repeatedly, that such a motion should be made at an early date, or it will not be entertained. McConnell had left the county; Akin swore that he knew all about the issue of the *alias* or copy *fi. fa.* at the time it was done, and immediately after, yet he made no motion till 1874, and then, at the instance of Milner doubtless, was joined as a party—nominally, we suppose. The land that Milner now claims was levied on in 1868, yet he delays to move against the copy *fi. fa.* till 1874. It is too late—9 *Ga.*, 275.

2. Besides, although this is called an *alias fi. fa.*, it was issued in lieu of the lost original, and is, therefore, a copy, though it bear test in the name of a different clerk, and is dated subsequently—17 *Ga.*, 187. The judge of the court may establish a copy of such a paper—or an *alias*, as it is called in the Code—either in term or vacation, upon proper application and affidavit of the applicant, or other satisfactory proof. Well, the application was made by Akin—he was the executor, the proper person to make it—the proof was satisfactory, and the order taken. If it be objected that Akin could not testify as to the record, the reply is, that the order of record recites that it appearing to the court that judgment was obtained for the amount named and the *fi. fa.* lost before satisfied, it is ordered that an *alias* be issued, etc., etc. This was a judgment of the court establishing a copy of the first *fi. fa.*, according to 17 *Ga.*, 187, and such copy ought to be in the name of the dead man. Akin, as executor, made the application, and was responsible for costs, and was a party to the proceeding sufficiently to make the application under the Code.

Judgment affirmed.