LOWRY *vs.* RICHARDS.

1. Notice to the defendant is not necessary in a proceeding to issue an *alias fi. fa.* upon loss of the original; and though the defendant be notified, the establishing of the *alias fi. fa.* will not preclude him from showing on an issue of illegality that the judgment has been paid off, and was paid off before the *alias* was issued. The judgment is the debt of record; the *fi. fa.*, whether original or *alias*, is merely the process to enforce this debt of record. If the judgment has been paid, the process is *functus officio.*

2. The evidence is clear that one of the two *fi. fas.*—that for $15.00 had been satisfied—and the *certiorari* should have been sustained as to that, at least.

Executions. Estoppel. Before Judge HALL. Newton Superior Court. March Term, 1878.

Reported in the opinion.

E. F. EDWARDS, for plaintiff in error, cited Code, §§3988, 3991; 9 *Ga.*, 275; 58 *Ib.*, 555; 4 *Ib.*, 356; 48 *Ib.*, 183; 3 *Kelly*, 121.

No appearance for defendant.

JACKSON, Justice.

This case arose upon an affidavit of illegality in the justice court and *certiorari* to the superior court from the judgment of the justice of the peace. The *certiorari* was dismissed, and the plaintiff in *certiorari*, who was the defendant in execution, excepted.

1. Two questions are made in this record. The first is based upon the following facts: Two *alias fi. fas.*, one for $15.00 and the other for $20.00, had been established in lieu of lost originals after notice to the defendant, and were levied upon defendant's land. He filed his affidavit of illegality on the ground that the judgments had been paid and the *fi. fas.* satisfied before the *alias fi. fas.* were issued. The superior court held that the defendant was precluded from showing that the judgments had been paid and the

original *fi. fas.* satisfied, by the judgment of the justice who issued the *alias fi. fas.*

We do not think so. The *fi. fas.*, whether original, *alias* or *pluries*, are merely the process, final to be sure, but process to enforce the judgment. It is the judgment which is the debt of record, and when that is paid, the process dies. It is of no consequence whether it be the first execution or an *alias*, it dies when that which gives it its vitality is extinguished by being paid. It proceeds illegally when the debt of record, to collect which it has been issued, is itself paid, and an affidavit that the judgment has been paid is good to arrest the illegal proceeding. To issue the *alias*, it was not necessary to notify the defendant. The proceeding would have been equally valid without notice. In the justice, as in the superior courts, the law is the same. Code, §§3983, 3991. Formerly the executions had to be renewed every year, as in England. The act of 1811 changed this rule—Cobb's Dig., 510—and a *fi. fa.* returned to office and *ca. sa.* issued, and *vice versa*, ministerially by the clerk. And now, under the Code, though the judge must order the clerk to issue the *alias fi. fas.*, it is *ex parte*. See sections above cited; and see, also, 3 *Kelly*, 121; 9 *Ga.*, 275; 48 *Ga.*, 183; 58 *Ga.*, 555. The court was wrong, therefore, we think, in holding that the judgment ordering an *alias fi. fa.* to issue estopped the defendant from contesting its legality by showing that the judgment had been paid off.

2. The other point on which the court below dismissed the *certiorari* is, that the judgments were not proven to be paid off and the *fi. fas.* satisfied. It seems that there were at one time three of these, and that the money was not sufficient to pay them all, or might not have been, and therefore, as the defendant relied upon a certain sum as having paid them off, and it was not clear that it was enough to pay all three, and the third was not accounted for, the justice of the peace and the superior court held that these two *fi. fas.* should proceed. But one of them, to-wit: that for $15.00, it appears from the docket of the justice court in 1858, was paid, because that discloses the fact that the *fi. fa.*

issued, *and was satisfied on a certain date.* We think, therefore, that the court should have sustained the *certiorari* at least as to that execution. The fact is that the judgments were rendered before the war, in 1857 or 1858, the *alias fi. fas.* were issued in 1869, the levies were made in 1876, within three days of the bar of the statute of limitations, and the case is rather stale. It appears that one of the *fi. fas.* was entered satisfied ; that certainly without more evidence ought not to proceed, and it is best that the whole matter be tried over and thoroughly sifted. The judgment is accordingly reversed, because the court erred in dismissing the *certiorari.*

Judgment reversed.