### NAPIER vs. SAULSBURY, RESPESS & COMPANY.

1. A judgment intended to have a special lien on specific property, such as a lien upon land for purchase money, ought to describe the property.
2. Where a sheriff's sale has, by procurement of the creditor, taken place illegally, there should be no second sale of the same property under the same process by reason of such illegality, until the first has been set aside by a direct proceeding for that purpose.
3. There being in the record no evidence that the judgment sought to be enforced represented the debt secured by the absolute deed from the defendant to the plaintiffs, it does not appear that the former sale was illegal. Treating it as legal, and the judgment as disconnected with the deed, the property may be resold if it is still the property of the defendant, and the claimant's apparent title is held as a mere cover. That the defendant was in possession of the premises when the second levy was made, more than two years after the former sale, is *prima facie* evidence, unexplained, of title, and as his possession was not explained, the court was warranted in granting a new trial.

Judgments. Levy and sale. Claim. New trial. Before Judge SIMMONS. Houston Superior Court. May Term, 1879.

Reported in the opinion.

DAVIS & RILEY, for plaintiff in error, cited Code, §§3654, 3753; 22 *Ga.*, 116; 47 *Ib.*, 214; 48 *Ib.*, 394; 53 *Ib.*, 621; 9 *Ib.*, 23; 16 *Ib.*, 593; 52 *Ib.*, 451; 31 *Ib.*, 555; 38 *Ib.*, 597; 41 *Ib.*, 162; 52 *Ib.*, 183; Herm. on Est., §§431, 336, 337, 436; 14 La. An., 175; 50 N. Y., 575; 34 V't, 598; 28 Miss., 414; 12 Bush (Ky.), 89; 4 Jones (N. C.), Eq., 54; 9 Barb., 17; 7 Met., 18; 119 Mass., 400.

E. F. BEST, for defendants, cited Code, §§1970, 3654; 22 *Ga.*, 116; 47 *Ib.*, 214; 48 *Ib.*, 394: 53 *Ib.*, 621; 12 *Ib.*, 431; 23 *Ib.*, 356; 37 *Ib.*, 251; 60 *Ib.*, 388; 56 *Ib.*, 165; 30 *Ib.*, 714; 31 *Ib.*, 544.

BLECKLEY, Justice.

The jury found for the claimant, and the plaintiffs in *fi. fa.* moved for a new trial, which the court granted. The grounds of the motion were that the verdict was contrary to law, evidence, and the charge of the court. The *fi. fa.* was in favor of the plaintiffs and against Joseph Palmer. It was general, that is, it described no particular property. It bore date June 10th, 1875, and was founded upon a judgment rendered at the previous May term of Houston superior court. Upon it was indorsed a levy by the sheriff, dated January 5th, 1876, on lot of land No. 94, in the lower 11th district of Houston county, the entry closing with a recital that the lot had been conveyed to the plaintiffs " to secure advances made by them to Joseph Palmer," and that it was levied upon as Palmer's property. Another levy upon the same premises by a succeeding sheriff was indorsed upon the *fi. fa.*, in the same terms, dated April 4th, 1878. No entry or return was made disposing of either levy. After the second levy, Napier interposed his claim. At the trial of the claim it appeared that the sheriff had proceeded to sell under the first levy, on sale-day in February, 1876; that the property was bid off by some one present, at twenty-five dollars; and that the sheriff made an ordinary sheriff's deed to Napier, the claimant, on the 15th of the same February, reciting that he, Napier, was the highest bidder, and that the property was knocked off to him as the purchaser at the price of twenty-five dollars, which was paid. It appeared that the sale was made under instructions to the sheriff by letter from the plaintiffs' attorney, and that Palmer, the defendant in execution, resided upon the premises at the date of both levies. It appeared that the money paid by Napier to the sheriff had been appropriated to the costs due on the *fi. fa.* after having been tendered by the sheriff to the plaintiffs' attorney and by him declined. To show their right to sell the land a second time under the same *fi. fa.*, the plaintiffs introduced

a deed from Palmer to themselves, signed also by Mrs. Palmer, to signify her assent to the same, dated March 19th, 1873, and made in terms of section 1969 of the Code, to secure a debt for advances of $400.00. This deed covered the premises, and recited a bond to reconvey to Palmer.

It was admitted that a deed from the plaintiffs to Palmer, making such reconveyance, was filed and recorded shortly before the second levy, and that no such deed had been made when the first sale took place, or when the claimant obtained the sheriff's deed. It was proved that the sheriff's advertisement of the first sale appeared first on Friday, January 7th, and reappeared on the 14th, 21st and 28th, and that the first Tuesday in February, the day of the sale, was the first day of the month. There was no evidence to identify the debt covered by the *fi. fa.* as the same debt which the deed from Palmer was given to secure. The *fi. fa.* was for the sum of $379.70 principal, $58.68 interest up to the 4th of June, 1875, and $6.40 costs. The pleadings and judgment on which the *fi. fa.* was founded were not introduced, nor was there any evidence of the value of the land, or that Palmer had title or possession at the date of his deed to the plaintiffs, except that the deed itself recited that he resided upon it. Each of the levies recited that he resided upon the land at the making of the levy, and there was other evidence that he was in possession at the date of the second levy, and that he so remained up to the time of trial. The plaintiffs' attorney testified that he controlled the *fi. fa.* as attorney; that the land had been advertised for January sales, but described by a wrong number; that he directed the sheriff by letter to advertise again for February sales, which letter was written on Saturday before the advertisement appeared, and that he did not notice until the letter had been sent, that it was too late for February sales, nor did he know until some months after the sale that the land had been advertised or that it had been sold. The letter was introduced. It bore date December 30th, 1875, called attention to the mistake in the

previous advertisement, and added instructions to advertise for February.

1. It is a mere assumption· that the judgment on which the *fi. fa.* was founded was for the secured debt, or had any special lien upon the land. The *fi. fa.* was general, and the judgment was not introduced in evidence. Until the contrary appears, it ought to be taken that the *fi. fa.* followed the judgment, and, consequently, that the latter is general also. Now, a judgment intended to have a special lien on specific property, such as a lien upon land for purchase money, or for a secured debt under sections 1969 and 1970 of the Code, ought to describe the property, *Hayden vs. Johnson*, 59 *Ga.*, 104; *Allen vs. Sharp*, 62 *Ib.*, 183. And, of course, the *fi. fa.*, in order to follow the judgment, as it must do, would have to describe the property substantially as the judgment describes it.

2. In a proper case for a levy and sale under section 1970 of the Code, the filing and recording of a deed would be a condition precedent, and a sale without such preliminary would be illegal. But it is a mistake to suppose that the creditor could, after procuring an illegal sale to be made, turn upon the purchaser with the same process and sell the property away from him without first having the illegal sale set aside by a direct proceeding for that purpose. 48 *Ga.*, 183. It would be intolerable to allow plaintiffs in *fi. fa.* to be instrumental in depriving purchasers of their money, and then suffer them to retrace their own illegal steps at their mere pleasure, with no judgment of restitution, or other adjustment of the purchasers' rights. Besides the wrong to purchasers, it would be grossly injurious to defendants in *fi. fa.* to first raise a cloud upon title by an illegal sale, and then, without removing the cloud, sell the property legally under the same process on a market depressed by such complications. Order, not confusion, is the method of the law.

3. But the grant of a new trial in the present case can be upheld on the view presented in the third head-note.

Property once sold under a *fi. fa.* may again become the property of the defendant, and when it does it is subject to be again sold under the same *fi. fa.* The second levy was more than two years later than the sale, and the defendant was in possession. That possession was *prima facie* evidence of title, and there was no explanation of it whatever. There is no improbability that the claimant's purchase at the sheriff's sale was in the interest of the defendant in *fi. fa.*, and that while a formal paper title was in the claimant at the date of the second levy, the real ownership was in the defendant. If there had been any sufficient explanation of the defendant's continued possession, the new trial might not have been granted; but as there was none at all, though the circumstances called for it, the case ought to be tried over as the circuit judge has ordered.

Judgment affirmed.