HENRY B. ATWOOD ET AL. v. MARTHA E. BEARSS.

*Record of execution sale as notice to subsequent purchaser.*

Putting the sheriff's certificate of a sale on execution upon record is constructive notice to subsequent purchasers: Act 123 of 1875.

One who bids in lands under an execution therefor becomes a "purchaser" within the meaning of the registry laws even though he does not yet receive the sheriff's deed; and if he records his certificate of sale he is entitled to protection against subsequent purchasers until he can receive his deed.

Abandonment of a sale on execution because of an error in the notice therefor does not necessarily invalidate a subsequent sale or notice if it does not appear that the execution debtor has been prejudiced.

The issue of two executions at once upon the same judgment to the sheriffs of different counties is irregular; but in an action of ejectment for premises sold under one of them, the other not being returned, the sale will not necessarily be held void, nor will the officer's omission to return a want of personal property be fatal thereto, especially if there is no showing that there was any.

A sheriff serving an execution is not bound to search for personal property beyond his own bailiwick.

The amount for which property has been sold may be put in evidence as tending to show its value.

Where an execution purchaser of land has recorded the certificate of sale in advance of any conveyance from the debtor to other persons, he is

presumed, until the contrary appears, to be entitled to recover in an action of ejectment against the latter, who have the burden of proving themselves to be or to derive title from *bona fide* purchasers.

Error to Tuscola. Submitted Jan. 19–20. Decided Jan. 28.

EJECTMENT. Defendant brings error. Affirmed.

*Atwood & Markham* for plaintiffs in error. The value of property may be shown by evidence of its market value: Greenl. Ev. § 440*a*; Sedgw. on Damages 335 *n*; *Brady v. Brady* 8 Allen 101; *Sission v. Cleveland etc. R. R.* 14 Mich. 489; two executions cannot legally be issued at the same time: *State v. Stout* 6 Halst. 362; *Hammond v. Mather* 2 Cow. 456; *Elliott v. Elmore* 16 Ohio 27; filing the certificate of sheriff's sale is not necessary to its validity: *Jackson v. Page* 4 Wend. 585; *Jackson v. Young* 5 Cow. 269; nor is a sale invalidated by an irregularity in the notice in stating the year of sale: *Addison v. Knowles* 38 Mich. 316.

*Tarsney & Weadock* for defendant in error.

MARSTON, C. J. The plaintiff below brought ejectment to recover the possession of certain real estate, claiming title thereto under an execution sale against Mary L. Waldron. The plaintiff farther undertook to show that the defendants were in possession under sundry mesne conveyances from Mrs. Waldron, and that they were not, nor were any of the parties through whom they claimed, *bona fide* purchasers.

It appeared that Mrs. Waldron conveyed the premises to her daughter, Mary J. Gale, September 23d, 1876, and that this deed was recorded July 16, 1877. Mrs. Gale conveyed to Martha E. Orr July 31, 1877, and Mrs. Gale, being then a minor, after becoming of age, and on April 25, 1878, again conveyed to Mrs. Orr. These deeds were recorded May 17, 1878.

The judgment under which plaintiff claimed was rendered November 17, 1876. Execution issued thereon November 24 and a levy made the same day; sale made thereunder

June 1, 1877, and the sheriff's certificate thereof, dated June 4, 1877, was recorded the same day, in accordance with the provisions of Act 123, Pub. Acts 1875, p. 154.

It will thus be seen that this certificate was recorded previous to the purchase by Mrs. Orr, and it therefore becomes important to ascertain whether such record was constructive notice of Mrs. Bearss' rights acquired under the execution sale.

In *Columbia Bank v. Jacobs* 10 Mich. 349, it was held that an attaching creditor was not a purchaser within the meaning of the registry laws, and that filing a copy of the attachment, with a description of the real estate levied on, in the office of the register of deeds, would not be constructive notice to subsequent purchasers. This was followed and applied under somewhat different circumstances in *Millar v. Babcock* 25 Mich. 138 and *Campau v. Barnard* id. 381.

When this case was submitted I was quite strongly of opinion that the same construction must be given the act of 1875, because it does not in express terms declare that such record of the sheriff's certificate shall be constructive notice, while it does point out and declare the purposes for which it may be used. A more careful examination however satisfies me that such record must be considered and held to be constructive notice.

The statute relating to deeds and conveyances and the recording thereof, does not in explicit terms, declare that the record of such conveyances shall be constructive notice to subsequent purchasers, but such has ever been held to be the legal effect and operation thereof. The statute does declare that conveyances not recorded shall be void as to subsequent purchasers, etc., in good faith. The argument advanced against the record of the sheriff's certificates being constructive notice is, that the general laws relating to the recording of conveyances can not be held applicable to a statute subsequently passed unless so declared, and that the recording of the certificate should be given no greater or other force than the filing thereof under the old law would have, except as otherwise provided in the amendment.

If the Legislature had originally in specific terms, declared that the record should be constructive notice, or in subsequent legislation providing for the recording of instruments, had so declared, and we found the omission in the act of 1875 for the first time, the argument advanced would be very strong.

Perhaps this has been done in the section relating to the record of defective instruments, § 4253; but that such has not generally been considered necessary an examination of §§ 4254–4265, inclusive, will show; and yet I think few if any would claim that the record in these sections provided for or authorized, would not be constructive notice. The act of 1875 is in the same general language and in my opinion should have the same force and effect.

The terms "purchaser" and "conveyance" are broadly defined in §§ 4236, 4237, and certainly a party who has purchased at an execution sale, is entitled to protection between the date of the sale and the time when he can receive and record his sheriff's deed. He has something more than a mere lien upon the land: he has in effect, by a satisfaction of the execution to the extent of his bid, if the execution creditor purchases, paid for the land, and if a stranger has actually paid for it, and in either event, as he cannot obtain possession, is entitled to the protection which the registry laws aim to give parties. In my opinion they then become purchasers within the meaning of our laws, even although they have not received a deed of the premises. I do not understand the case of *Columbia Bank v. Jacobs* as holding that the person bidding off the property at an execution sale would not be a purchaser, until he had received a sheriff's deed, although so stated in *Millar v. Babcock*, even if such questions were material in either case.

I am therefore of opinion that the record of the sheriff's certificate was constructive notice of the interest which Mrs. Bearss acquired as a purchaser at the sheriff's sale, and that Mrs. Orr was bound thereby.

While the above was considered the most important ques-

tion in the case, yet a number of others were raised, which may be noticed very briefly.

It appears that the property had been advertised by the sheriff, sold and bid in by the plaintiff in the execution, but owing to an error in the notice this sale was abandoned. The error was in the date of the time fixed for the sale. The sale was made in March, 1877, but in the published notice of the sale, the time advertised for the sale to take place was March, 1876. It may be that the mistake was not fatal, but it was abandoned and there is nothing in the case tending to show that the execution debtor was. prejudiced in this, or that the subsequent sale could be held void in consequence thereof.

It also appeared that two executions issued the same day, one directed to the sheriff of Tuscola county, and what was called an *alias* to the sheriff of Huron county. The lands in question are situate in Tuscola and were sold under the execution issued to the sheriff of that county. No return has been made by the sheriff of Huron. It is claimed that two executions could not legally be issued at the same time under act 105, Sess. Laws 1847, p. 172,* and that if effect could be given to either, it must be to the one sent to Huron, as the execution debtor had personal property in that county, and farther that the return made by the sheriff of Tuscola does not show that the debtor had no personal property upon which he could levy, and that unless such was the fact he could not levy on the real estate. The issuing of two

---

*Revised Statutes of 1846, ch. 106, sec. 10 is as follows: Executions, whether against the body, or against the property of any party, may be issued at the same time, to sheriffs of different counties, but no execution against the body of any party shall issue, while there is an execution against his property not returned, nor shall an execution against the property of any party be issued, ·while there is an execution against his body unreturned, unless by order of the court.

Act 105 of 1847 " to amend the Revised Statutes of 1846 " provides in sec. 13, p. 172, "that chapter one hundred and six, section ten, be so amended that but one execution shall issue at the same time."

No attempt is made in the compilation of 1857 (§ 4448) or of 1871 (§ 6084) to incorporate the amendment with the original statute; it is introduced in a foot note to the section. which remains as originally worded, except that in the Compiled Laws of 1857, the words *at the same time* are italicized also.

executions, while irregular, would not render the sale made, when attacked in this case, void; neither would the omission of the officer to set forth in his return a want of personal property be fatal. It may very fairly be presumed that the officer performed his duty, and without saying what the effect would be should the contrary appear on the trial, it is sufficient, for the present case, that no attempt was made to show that the execution debtor did have any goods and chattels in Tuscola county, and the officer was not bound to make search beyond his bailiwick. This renders immaterial the objections taken to the testimony of Sengra and others as to the property in Huron county or value of the same, although proof of what the property actually sold for would be competent as tending to show the value thereof.

Several questions were raised as to defendant's want of notice of facts tending to show the conveyance from Mrs. Waldron to her daughter, Mrs. Gale, was fraudulent. The plaintiff having succeeded in recording the sheriff's certificate prior to the record of any of the conveyances from Mrs. Waldron or her grantees, she is presumed to be entitled to recover until the contrary appears, and the burthen of proof would be upon the defendants to show that they were *bona fide* purchasers, or that they derived title from a *bona fide* purchaser. *Godfroy v. Disbrow* Walk. Ch. 260; *Shotwell v. Harrison* 22 Mich. 410. The defendants evidently proceeded upon the theory that the burthen was upon the plaintiff to prove that they were not. We shall not therefore enter upon a discussion of the questions raised upon this branch of the case, as they also had constructive notice of the record of the sheriff's certificate and upon a new trial the questions are likely to assume a different aspect.

We discover no error in the record. The judgment must be affirmed with costs, and the record remanded for further proceedings under the statute.

The other Justices concurred.