LAND *v.* GORMLEY, superintendent of banks.

No. 9204. August 10, 1933.

*H. McWhorter,* for plaintiff in error. *L. A. Whipple* contra.

Bell, J. W. J. Davis as superintendent of banks brought a suit

for specific performance against A. T. Land, to require him to accept and pay for certain real estate which he had agreed to purchase from the superintendent. R. E. Gormley as successor in the office of superintendent of banks was made a party plaintiff instead of Davis. The agreement to purchase contained a stipulation that it was "made subject to the right of the purchaser to investigate titles to the property and to decline to perform if title of the vendor should be legally insufficient." The defendant filed a plea in which he alleged that the plaintiff's claim of title was invalid, for the following reasons: The property is held by the superintendent of banks as a part of the assets of Cochran Banking Company, an insolvent bank of this State, in process of liquidation. The property was sold by the superintendent of banks under what purported to be an alias execution against a stockholder. An original execution was previously issued in the sum of $11,000, covering the stockholder's liability upon 110 shares of stock, but this execution was thereafter lost, and upon ascertaining this fact the superintendent of banks issued an alias execution upon which he made an entry showing that it was issued in lieu of the lost original. By inadvertence this alias execution was issued for the amount of $12,000 instead of $11,000, but this error was corrected by the superintendent of banks by an amendment made upon the execution prior to levy. The alias so issued and amended was levied upon the property in question as the property of the stockholder; and at the sale thereafter made the Cochran Banking Company, by the superintendent of banks, became the purchaser. Upon the basis of these facts the answer alleged that the sale was void, because the superintendent was without authority to issue an alias execution in lieu of a lost original, and was also without authority to amend an execution issued by him. The court struck and dismissed the defendant's answer on general demurrer, and a verdict and decree in favor of the plaintiff were entered. The defendant sued out a bill of exceptions complaining of the judgment sustaining the demurrer and striking the answer, and assigning consequent error upon the final judgment. The defendant attacked the validity of the sale upon an additional ground, but that ground has been expressly abandoned in this court. Thus, the only contentions made are as to the authority of the superintendent of banks to issue an "alias" execution, and as to the power of amendment as was exercised by him in this case.

■ At common-law where an original fi. fa. was returned unproductive, a new writ might be issued, and this was called an alias. Writs which followed the alias were called pluries fieri facias. *Watson* v. *Halsted*, 9 *Ga.* 275; *Rushin* v. *Shields*, 11 *Ga.* 636 (7, 8) (56 Am. D. 436); *Kellogg* v. *Buckler*, 17 *Ga.* 187 (2); 23 C. J. 391. In this State, however, we have applied the term "alias" to an execution issued in lieu of a lost original. Civil Code (1910), § 5321. Section 20 of the banking act (Ga. L. 1919, p. 135) authorizes the superintendent of banks to make an assessment against each stockholder in an amount not exceeding his statutory liability as such, and directs that he shall "issue an execution against such stockholder for the amount of such assessment, which shall be enforced in like manner as executions issued by the superior courts of this State upon judgments regularly rendered by said courts." There is no other provision of the banking act which could possibly have any bearing upon the present case. It is contended that the quoted provision does not empower the superintendent to issue an alias execution without an order of court, and that the remedy was an application to the superior court to establish a copy of the execution. We do not deem it necessary to decide the exact question argued by counsel for the plaintiff in error. If it is true, as claimed, that the superintendent was wholly without authority to issue an alias execution, we then have a case in which he simply issued two executions upon the same stock assessment, and the entry as to the issuance of the second execution as an alias may be disregarded as surplusage. In such case, the second execution, though irregular, was not void, and a sale otherwise lawfully made thereunder was not subject to collateral attack. Whether or not the stockholder as defendant in fi. fa. might have attacked the execution in some manner, yet where he failed to make any protest and permitted a sale to be made thereunder, the purchaser acquired a good title to the property as against such defendant.

In Atwood v. Bearss, 45 Mich. 469 (8 N. W. 55), it was held that the issuing of two executions simultaneously in violation of statute is irregular, but that a sale made under one of them is not void and subject to collateral attack. It seems that under the law of Indiana an alias execution can not be issued by the clerk except upon the order of the judgment plaintiff. In Johnson v. Murray,

112 Ind. 154 (13 N. E. 273, 2 Am. St. R. 174), the Supreme Court of that State held that a sale made under an execution issued without such an order was not invalid. In 8 Enc. Pl. & Pr. 441, it is stated that "an alias or pluries execution issued before the return of the writ previously issued, although irregular, is not void. In 23 C. J. 393, § 167, is the following statement: "Before an alias or pluries writ can be issued, the writ previously issued, with an appropriate return indorsed thereon, must have been returned, because the plaintiff is not entitled to have two executions upon the same judgment at the same time, and the futility of the previous execution can not be made to appear otherwise than by the officer's return. Nevertheless it has been held, that, although it is irregular to issue an alias before return of the former execution, such irregularity does not render the alias writ void." In the same volume, at page 395, it is stated that "an alias or pluries writ issued while a levy made under a prior writ remains undisposed of is not absolutely void, but voidable only, and can not be attacked collaterally." The several cases cited to these statements have been examined and found in the main to support the text, the only exception being the case of Fryer v. McNaughton, 110 Mich. 22 (67 N. W. 978). In Doe v. Dutton, 2 Ind. 309 (52 Am. D. 510), it was held that an execution which is "merely voidable may be set aside on motion of the defendant; but, if not so set aside, all acts done under it are valid."

The liability of a stockholder under the banking act is fixed by the assessment, and the execution is simply the means by which the assessment is enforced. The execution itself does not determine the liability, and if a second execution is improperly issued, it is but a duplicate means of enforcing the assessment, and, if not attacked in some appropriate manner by the defendant in fi. fa., may be effectively used as process for a sale of the defendant's property. In *Cooper* v. *Huff*, 55 *Ga.* 119, it was held that an execution bearing an entry by the clerk, "Issued in lieu of lost original," did not constitute ground for excluding the execution from evidence upon objection by the claimant. In *Watson* v. *Halsted*, supra, it was held that while the clerk may not issue an alias execution without an order of court, an objection to the regularity of the proceeding comes too late after the parties have litigated a claim case under the fi. fa. This was an implied holding that the execution was not void.

While the authorities referred to above all relate to executions issued from courts, yet by parity of reasoning we are led to the same conclusion regarding a second execution issued by the superintendent of banks upon a stock assessment. See, in this connection, *Rawls* v. *Jackson,* 104 *Ga.* 593 (30 S. E. 820, 69 Am. St. R. 185) ; *Warwick* v. *Maddox,* 137 *Ga.* 496 (73 S. E. 738) ; 1 Freeman on Executions (3d ed.), 222, §§ 48, 49. Accordingly, it is held that the execution under consideration in this case, even if improperly issued as an alias, was not so defective as to be treated as a mere nullity, but was a sufficient instrumentality by which to effectuate a sale of the defendant's property.

Undoubtedly the superintendent of banks had authority so to amend the execution as to make the same conform to the assessment. The power to do the greater included authority to do the less. Furthermore, a variance in the amount between an execution and the assessment upon which it is founded would not necessarily render the execution void. See *Ward* v. *Miller,* 143 *Ga.* 164 (2) (84 S. E. 480) ; 23 C. J. 407, 672, §§ 184, 663. The answer to the suit for specific performance failed to set forth a valid defense, and was properly stricken on demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent, and Hill, J., absent because of illness.*