30454. U-DRIV-IT SYSTEM OF MACON INC. *v.* LYLES.

DECIDED MAY 6, 1944.

*John J. McCreary,* for plaintiff in error. *Hallie B. Bell,* contra.

SUTTON, P. J. (After stating the foregoing facts.) The original judgment on which the garnishment proceeding was based was rendered on December 23, 1926; the execution issued thereon was never entered on the general execution docket. The plaintiff paid the costs on April 17, 1928, and within seven years thereafter turned the execution over to a levying officer to be executed and returned and it was lost or misplaced by him. According to the record, nothing further was done with reference to the judgment and execution until April 8, 1942, when the plaintiff filed a petition asking that an alias execution be issued in lieu of the lost original. The Code, § 110-1001, provides that, "A judgment shall become dormant and shall not be enforced: (1) When seven years shall elapse after the rendition of the judgment before execution is issued thereon and entered on the general execution docket of the county wherein such judgment was rendered; or (2) unless entry is made on the execution by an officer authorized to levy and return the same and such entry and the date thereof are entered by the clerk on the general execution docket within seven years after

the issuance of the execution and its record; or (3) unless a bona fide public effort on the part of the plaintiff in execution to enforce the execution in the courts is made at such times and periods that seven years will not elapse between such attempts or between such an attempt and a proper entry." The judgment became dormant on December 24, 1933, which was seven years after the date of its rendition, December 23, 1926. The payment of the costs and the turning of the execution over to a levying officer were not such bona fide public efforts on the part of the plaintiff as would prevent the running of the statute or the dormancy of the judgment, under paragraph 3 of the above Code section. "A dormant judgment may be revived by scire facias or sued on within three years from the time it becomes dormant." Code, § 110-1002. The proceeding instituted by the plaintiff on April 8, 1942, was filed more than eight years after the judgment became dormant. But the plaintiff in error contends that the dormant judgment was revived by the issuance of the alias execution, and that the defendant is estopped by the judgment of June 9, 1942, ordering the alias execution to issue, from now setting up the dormancy of the original judgment, as the defendant had been duly served with a copy of the proceeding which sought the issuance of an alias execution, that he failed to appear and defend, but allowed the judgment or order to be taken by default. Counsel for the plaintiff in error cites and relies on the case of *Milner* v. *Neal,* 114 *Ga.* 118 (39 S. E. 890), to sustain this contention. It is true that it was there held: "Where the law provides that a suit to revive a dormant judgment must be brought within three years from the time it becomes dormant, the fact that the suit is brought after the expiration of the three years does not deprive the court of jurisdiction of the subject-matter. That the suit is barred is a matter of defense. If the judge erroneously finds, as a matter of fact, that the suit was within time and renders a judgment reviving the dormant judgment, the judgment of revival is not void, and, although erroneous, is binding upon the parties thereto until reversed or set aside." It will be observed from the headnotes and the body of the opinion in that case that the suit was one to revive a dormant judgment, and that a judgment was rendered reviving the dormant judgment. But let us look to the proceeding and judgment in the present case and see the nature of the same and the kind of judgment rendered.

The petition filed by the plaintiff on April 8, 1942, after reciting the judgment was rendered on December 23, 1926, alleged that the fi. fa. issued thereon was turned over to a levying officer to execute and return, but that it had been misplaced or lost by the officer and could not be produced or levied and the petitioner prayed that "An alias fi. fa. be issued in lieu of the lost original." A revival of the dormant judgment was not sought or prayed for in the petition. The judge rendered the following judgment. "Read and considered. Ordered, that an alias execution do issue thereon." Nothing was said in the order about reviving the dormant judgment. The Code, § 63-210, provides: "When any execution which shall have been regularly issued from the superior courts shall be lost or destroyed, the judge of the court from which the same issued may at any time, either in open court or vacation, upon proper application being made and the facts proved by the affidavit of the applicant, his agent, or his attorney, or by any other satisfactory proof, grant an order for the issuing of an alias execution in lieu of the lost original execution." By an act of the General Assembly of 1929 (Ga. L. 1929, p. 453, sec. 4), it was provided that the procedure in the municipal court of the City of Macon in suits "shall in all respects be conformable to the mode of procedure in the superior courts save as in this act excepted." In a proceeding to establish a lost fi. fa. the proceeding is thus made identical with such procedure in the superior court. In the proceeding in question, the plaintiff had lost it's fi. fa., and the same could not be produced or levied. It asked the court to issue an alias fi. fa. in lieu of the lost original. The court granted an order for the alias fi. fa. to issue. Under the statute this could have been done without notice to the defendant; but the fact that he was served does not change the nature of the proceeding or preclude him from now pleading the dormancy of the judgment on which the garnishment was predicated. See Lowry v. Richards, 62 Ga. 370. The decision in the case of Rushin v. Shields, 11 Ga. 636 (56 Am. D. 436), containing a statement that "An alias fi. fa. can only, under the laws of this State, issue upon the revival of a dormant judgment," was written in 1852 and before the General Assembly enacted the law in 1857 (Ga. L. 1857, p. 104), authorizing the issuance of an alias execution in lieu of the lost original execution, now contained in the Code, § 63-210.

In *Land* v. *Gormley,* 177 *Ga.* 497, 499 (170 S. E. 510), it was said: "At common-law where an original fi. fa. was returned unproductive, a new writ might be issued, and this was called an alias. Writs which followed the alias were called pluries fieri facias. *Watson* v. *Halsted,* 9 *Ga.* 275; *Rushin* v. *Shields,* 11 *Ga.* 636 (7, 8) (56 Am. D. 436); *Kellog* v. *Buckler,* 17 *Ga.* 187 (2); 23 C. J. 391. In this State, however, we have applied the term 'alias' to an execution issued in lieu of a lost original. Civil Code (1910). § 5321."

Although the fi. fa. issued in lieu of the lost original is called an alias, it is in effect a copy. *Milner* v. *Akin,* 58 *Ga.* 555. It would have no more force and effect than the original, and if the original was dormant and barred by the statute, so would the alias be. It was held in *Mosely* v. *Sanders,* 76 *Ga.* 293: "Where a judgment was rendered in April, 1866, on which a fi. fa. was issued in May and delivered to the sheriff in October of the same year, and nothing more was done until the April term of court, 1875, when, the original fi. fa. having been lost, an alias fi. fa. was issued, which was levied on certain land, the judgment was dormant."

Under the record as here presented and the law applicable thereto, the judgment and the execution on which the garnishment proceeding was based were dormant and barred by the statute. It follows that the judge of the trial court did not err in directing a verdict for the defendant on the affidavit of illegality; nor did the judge of the superior court err in overruling the plaintiff's petition for certiorari.

*Judgment affirmed. Felton and Parker, JJ., concur.*