## MITCHELL *vs.* ATKINS & COMPANY *et al.*

Where a fund was realized simply by levy and sale, and was claimed by an older *fi. fa.*, it was error to order fees to be paid to the attorney representing the *fi. fa.* which brought the money into court, and that the amount so allowed should be credited on the *fi. fa.* taking the fund.

September 11, 1883.

Attorney and Client. Money Rule. Execution. Before Judge HUTCHINS. Jackson Superior Court. February Term, 1883.

Reported in the decision

W. I. PIKE; W. L. MARLER, for plaintiff in error.

No appearance for defendant.

BLANDFORD, Justice.

Where certain justice's court *fi. fas.* had been levied on certain land, as the property of A. M. Duke, and the property was sold by the sheriff of the county where the land was situated, and purchased by Mitchell, the plaintiff in error, who placed in the hands of the sheriff a *fi. fa.* from the superior court, founded upon a judgment of older date than the justice's court *fi. fas.*, sufficient to take all the money in the hands of the sheriff arising from the sale of the land levied on by the justice's court *fi. fas.*, the court below directed that fifty dollars as fees be paid to the attorneys representing the justice's court *fi. fas.*, and that this amount be placed as a credit on the *fi. fas.* controlled by Mitchell. This decision and judgment of the superior court is excepted to, and error assigned thereon.

In case of *Waters, sheriff, et al. vs. Greenway Brothers & Co.*, 17 *Ga.*, 592, this court held, under a similar state of facts, "where a client does not participate in a fund brought into court, but is postponed to older liens, the attorney is not entitled to commissions upon the money." So, also, it was decided by this court at the September Term, 1882, in case of *Baxter et al. vs. Bates et al*, "where money is realized simply by levy and sale, there is no rule which gives a preference to the attorney representing the *fi. fa.* which brings the money into court, to the prejudice of older liens." The rule is otherwise, where the attorney has represented the *fi. fa.* in claim cases, or other litigation whereby the fund was brought into court. The decisions above referred to seem necessarily to work a reversal of the judgment of the court below.

Judgment reversed.