REICHERT *vs.* VOSS.*

A debtor, on being sued in a justice's court, having acknowledged service and made in writing a general waiver of objections to the jurisdiction, and said to the magistrate that he might enter up judgment, that he had no plea to offer, and having after judgment frequently told the levying officer that he would pay the debt, and having after the levy rented to the officer space in his store-room to store the property, and having just before the sale assisted the officer in opening the way through which to carry it out of the store-room to the place of sale, and being present at the sale or so

---

*BLANDFORD, J., did not preside in this case, on account of providential cause.

Reichert *vs.* Voss

near by that he could easily have objected, and in fact making no objection but allowing the sale to proceed and the purchaser to buy and pay his money, is estopped from recov ering the property or its value from the purchaser, though the officer, as such, had no legal authority to sell.

January 25, 1887.

Justices and Justice Courts. Estoppel. Levy and Sale. Before Judge HARRIS. City Court of Macon. June Term, 1886.

Reported in the decision.

LOFTON & MOORE, for plaintiff in error.

A. PROUDFIT, by C. L. BARTLETT, for defendant.

BLECKLEY, Chief Justice.

A judicial notary public for the district of A not only held his court apart from his colleague, the regular J. P. of the district, but located it beyond the border, at a point within the adjoining district of B. Here, in a building called the Goodall building, he rendered four judgments against Reichert, two of them for less and two for more than $100.00 principal, each. Moreover, he held his court and rendered these judgments on the first Tuesday in the month, when the court-day of his colleague was, and had been for many years, the third Saturday in the month. In which of these districts, or whether in either, Reichert resided, does not appear from the record. His place of business was in B, on the same street, and within two or three doors of the Goodall building. In each case, the summons specified that building as the place for him to appear, and called for his appearance on a day of the month corresponding to the first Tuesday. The suits were all founded on promissory notes, and copies of the notes were attached. On each summons he signed a written entry of "Due and legal service acknowledged, copy waived and jurisdiction waived." Besides this, he told the notary he

might enter up judgment, and that he had no plea to offer; and after the judgments were rendered, he said to the notary repeatedly that he expected to pay without a sale. *Fi. fas.* upon the judgments were issued by the notary, and by the constable of A were levied upon certain furniture then being at the place of business of the debtor in the district of B. The constable rented space in the debtor's store-room, where the furniture was seized, in which to store it until the day of sale, and on that day, when the constable came for it, the debtor assisted in clearing a passage for it through the room to the place of exit, on its way to be sold. He made no objection to this removal or to the sale, though he knew a sale was intended. The sale was made by the constable, publicly, on the first Tuesday in February, before the Goodall building, in the district of B, and the debtor was either immediately present, or in his store only two or three doors away, whilst the sale was in progress. He, himself, testifies that he did not go out of his store, but the notary testifies to seeing him at the sale, off and on. So far as appears, no one heard a whisper of objection from him, and in his testimony he does not intimate that he expressed, or even that he entertained, any objection whatever. He had not only made known to the notary that he intended to pay off the judgments, but had frequently told the constable that such was his intention. The proceeds of the sale were paid to the officer, and the greater part of the same applied to other *fi. fas.* against the debtor, one of them for State and county taxes. The balance was applied to one or more of the *fi. fas.* under which the sale took place. Furthermore, as if to ratify and confirm these *fi. fas.* as authority for another seizure, the debtor, on the fourth day of the same February, pointed out more personal property for the constable to levy upon, and the two larger *fi. fas.* were levied accordingly. At this point, he seems to have reconsidered his whole course of action, for two days later he brought statutory complaint in the nature of trover against Voss, a

purchaser of a set of parlor furniture sold on the first Tuesday, and required bail.

The judge, having tried the case without a jury, gave judgment for Voss, and this writ of error is prosecuted on the refusal of a new trial. The motion for a new trial specifies various grounds, but they can all be resolved into the one substantial question whether, on the foregoing facts, the plaintiff in the action had a legal right to recover either the property sued for or its proved value?

As a sale under legal process by an officer, as such, the sale was void two or three times over. The judgments were rendered at the wrong place, on a wrong day, in the wrong district, and two of them (treating attorney's fees as part of the principal, which must be done) were on causes of action exceeding the notary's jurisdiction. The sale, too, occurred at a wrong time and place, and as a constable's sale proper, counts for nothing. But we hold with the court below that, after the active part taken by Mr. Reichert in promoting the rendition of these judgments, and the making of a sale under them, he is estopped from pursuing the property in the hands of a purchaser who has bought honestly and parted with his money. If the notary and the constable had not been officers at all, but only private persons, and if Reichert had authorized one to give judgment and the other to enforce it against his property (he accepting the property for storage after seizure, and aiding to promote its removal to the place of sale), he would have been bound by the transaction. If the notary and the constable were not the agents of the law, and certainly they were not, they were, under the facts, Mr. Reichert's agents, and he must abide by a sale which his acts, not alone his acquiescence, brought about. In the face of these acts, he cannot take the benefit of the money which the sale produced, and at the same time recover the property or its value from the purchaser. In its principle, this case is as strong for estoppel as was that of *Tribble vs. Anderson*, 63 *Ga.* 32 (head-note 6).

Judgment affirmed.