## BLOCK *vs.* HENDERSON.

When a justice of the peace went outside the limits of his district and undertook to hold his court, he had jurisdiction neither of the subject-matter nor of the person, and no waiver or agreement made before him outside of his jurisdiction could confer jurisdic-

tion upon him. Outside the limits of his district, he was not a judge. *Reichert vs. Voss,* 78 *Ga.* 54, cited and distinguished.

February 15, 1889.

Jurisdiction. Justices and justice courts. Waiver. Before Judge GUSTIN. Bibb superior court. May term, 1888.

Reported in the decision.

ALEXANDER PROUDFIT, by brief, for plaintiff in error.

J. A. THOMAS and TURNER & WILLINGHAM, by HARRISON & PEEPLES, *contra.*

SIMMONS, Justice.

Charles Taylor sued out an attachment against Kate Mullenix, for the purchase money of certain furniture, which attachment was levied upon the furniture. N. M. Block filed a claim thereto, and gave a claim bond with A. Block as surety. The attachment was made returnable to the justice's court of the 716th district, G. M. Matt R. Freeman, the magistrate who issued the attachment, was notary public and *ex officio* justice of the peace in and for that district. When the trial of the claim came on, said Freeman held his court in the 564th district, and on the trial of the claim dismissed the same. The property for which the claim bond was given was then advertised for sale by the constable, and on the day of sale the claimant failed to produce the property, as he agreed to do in his claim bond. Henderson, the constable, then brought suit upon the claim bond in the city court of Macon, alleging, as a breach thereof, that Block, the claimant, had failed to produce the property on the day of sale. Block and his surety filed certain pleas to this suit, among them,

that there had been no forfeiture of said bond, because there had been no legal trial of the claim case, the claim case having been tried by the magistrate outside of his district, and that therefore the magistrate had no jurisdiction to try the case. The plaintiff replied to this plea, and said that while it was true that said claim case had been tried outside of the district of the magistrate, Block had agreed thereto, and had thereby waived the jurisdiction.

On the trial of the case, before the judge of the city court without a jury, these facts having been made to appear to him, he decided that, the jurisdiction having been waived, the judgment of the magistrate dismissing the claim case was a valid and binding judgment; and as the claimant had not produced the property on the day of sale, the plaintiff in the suit on the bond was entitled to a judgment against said claimant. This ruling of the judge, and others which it is unnecessary to mention here, were carried by writ of *certiorari* to the superior court; and upon hearing the same, the judge of the superior court overruled the *certiorari* and dismissed it; whereupon Block excepted and brought the case here for review.

We think that the exception of the plaintiff in error as to the jurisdiction of the magistrate was well-founded, and that the judge of the superior court should have sustained the same. Whenever a court has jurisdiction of the subject-matter of a suit, the defendant therein can waive the jurisdiction as to his person, but if the court has neither jurisdiction of the subject-matter nor of the person, no waiver by the defendant can give the court jurisdiction. If in this case the magistrate had held his court within the limits of his jurisdiction, and the defendant had resided outside of those limits, and had gone before the magistrate and waived the ju-

risdiction as to his person, and the magistrate had entered up judgment against him, that judgment would have bound him. But when the magistrate went outside of the limits of his jurisdiction and undertook to hold his court, he neither had jurisdiction of the subject-matter nor of the person; and no waiver or agreement made before him outside of his jurisdiction could confer jurisdiction upon him. Outside of the limits of his district he was not a judge. He was no more than any private citizen, and any judgment he gave outside of his jurisdiction, whether by agreement, waiver or otherwise, was no more binding upon the parties than if it had been made before a private individual. If the judgment in this case had been executed by selling the property, and Block's standing by seeing it sold and helping to sell it, as Reichert did in the case of *Reichert vs. Voss*, 78 *Ga.* 54, and innocent third parties had purchased the property, then Block would have been bound, as Reichert was in that case; not because the judgment was a valid one, but because he had stood by and allowed an innocent party to purchase the goods without any notice on his part. He would have been estopped from asserting his rights after inducing innocent parties to purchase his goods, as was done by Reichert in the case above alluded to. But in this case the facts are entirely different. The rights of innocent third parties are not involved. The litigation is between the same parties. Block insists that there has been no forfeiture of his bond, because the judgment of the magistrate dismissing his claim was an illegal and void judgment, having been made by the magistrate outside of the district in which he had jurisdiction ; and we think this exception was well-founded, and should have been sustained by the court.

Judgment reversed.