ROME STREET R. R. CO. v. VANDYKE *et al.*, and *vice versa.*

The controlling question being whether a certain bridge had been dedicated to the use of the public and by the public accepted, and the evidence upon this subject, though conflicting, being sufficient to warrant the presiding judge in finding that there had been such dedication and acceptance, and it not appearing that any right of the plaintiff will be prejudiced by allowing the defendants and the public generally to use the bridge until the question at issue can be determined by a jury on the final hearing, there was no abuse of discretion in denying the interlocutory injunction prayed for.          *Judgment on main bill of exceptions affirmed.*
July 17, 1893.          *Cross-bill of exceptions dismissed.*

Petition for injunction. Before Judge HENRY. Floyd county. May 23, 1893.

DEAN & SMITH and FOUCHÉ & FOUCHÉ, for plaintiff.

REECE & DENNY and HARPER HAMILTON, for defendants.

---

ALLAGOOD, sheriff, *et al. v.* COOK.

Where two parcels of land, one of which, according to the evidence, was worth from $75 to $300, and the other from $500 to $2,000, were levied on to satisfy an execution amounting to $105, and after the sale of the former for $75, the latter was sold, subject to a mortgage of $500, to pay the balance of the execution, and brought only $5, the defendant in *fi. fa.* being present at the sale and making no objection thereto, the levy, though at first glance apparently excessive, was, when tested by the actual results, not so in fact, provided the sale was fair and free from fraud; and no fraud appearing, the court erred in granting an injunction, at the instance of the defendant in *fi. fa.*, restraining the sheriff from putting the purchaser of the latter parcel in possession.          *Judgment reversed.*
July 17, 1893.

Petition for injunction, etc. Before Judge SMITH. Telfair county. April 19, 1893.

DeLACY & BISHOP, for plaintiffs in error.

---