## LACKEY v. POOL.

One whose personal property was levied upon under an illegal or
void process, and who not only failed to take any steps to pre-
vent its sale thereunder but, by his attorney, consented to an
order of court directing a speedy sale, and who was present at
the sale making no objection, and either then, or previously,
informed others that the purchaser at the sale would get a
good title, was estopped from complaining of the illegal levy
and denying the validity of the sale, though he gave no express
consent to the same.

February 7, 1896.

Complaint for damages.    Before Judge Jones.    City
court of DeKalb county.    May term, 1895.

*A. C. McCalla* and *Glenn & Irwin*, for plaintiff.

LUMPKIN, Justice.

A suit in the nature of an action of trover was brought
by Lackey against Pool, for the recovery of certain person-
alty which the declaration alleged had been sold under a
void distress warrant and purchased by the defendant.    It
is unnecessary to determine whether the distress warrant
was, or was not, a valid process.    For the purposes of this
case, it may be treated as absolutely void; for, granting it
was so, the plaintiff, under the evidence, could in no event
recover.    It appeared that after the distress warrant had
been levied upon the property in question, the defendant,
by his attorney, consented to an order of court directing a
speedy sale under this warrant.    It is true that Lackey tes-
tified that he spoke to an attorney "to fight the granting of
the order of sale"; but he swears further that this attorney
consented to the order of sale in his presence, and does not
pretend that he made the slightest objection to this action
on the part of his counsel.    It also appears that the plaintiff
was present at the sale and made no objection to its taking
place; and, either then or previously, informed others that
the purchaser at the sale would get a good title.    If ever
human conduct amounted to an estoppel, it seems indispu-

tablethat inthe present case the plaintiff absolutely forfeited any right he may have had to complain of the levy as illegal, or to deny the validity of the sale.  It does not appear that he expressly assented thereto, but the course he pursued throughout the entire transaction amounted practically to the same thing.  If, in cases of this character, express ratification on the part of the complaining party were the exclusive test, without regard to conduct on his part from which the law would imply a tacit assent, the doctrine of estoppel would have an exceedingly limited operation.

*Judgment affirmed.*