## RAWLES *v.* JACKSON.

Ordinarily a sheriff's sale under an execution not signed by the officer authorized to issue the same is void; but where the execution is based upon the foreclosure of a mortgage on the property sold, and the defendant, who is present at the sale, knows the fact that the execution was not signed and makes no objection to the sale on that account; and where, after the purchase of the property at such sale by the plaintiff in fi. fa., the defendant surrenders possession to the plaintiff, who afterwards conveys the property to an innocent purchaser for value, the defendant is bound by the sale, and can not maintain an action of ejectment for the recovery of the property on account of its sale under void process.

Argued April 29, — Decided May 25, 1898.

Ejectment. Before I. A. Bush, judge pro hac vice. Miller superior court. December 23, 1897.

*R. H..Powell & Son* and *W. C. Worrill*, for plaintiff.
*Donalson & Hawes*, for defendant.

Lewis, J. This was an action of ejectment brought October 17, 1892, on the demise of Rawles against Jackson, tenant in possession. From the evidence it appeared that Rawles gave to Cowart a mortgage upon the land, which by the latter had been duly foreclosed, and an execution upon the judgment of foreclosure was made out by the clerk, who omitted to attach his signature to the same. This execution was placed

·in the hands of the sheriff, who levied the same on the land, and duly advertised it for sale. Rawles, the defendant in fi. fa., observed at the time of the levy that the execution was not signed, but said nothing about it to the sheriff. Rawles and Cowart, the plaintiff in fi. fa., and Jackson, who subsequently bought the land from the plaintiff, were present when the land was put up for sale by the sheriff. Some party other than the defendant was undertaking to get the sheriff to accept a claim to the land, and the sheriff replied that he would accept no more claims, as he was selling under an indemnifying bond. Rawles remarked that whoever bought the land would buy a lawsuit. This remark was heard only by a few bystanders, and was not heard either by Cowart or Jackson, who did not know that the execution had not been signed. Rawles made no objection to the sale proceeding on account of this defect in the fi. fa., nor did he assert any claim to the land for himself. The land was sold and purchased by Cowart, plaintiff in fi. fa. Upon demand by the sheriff, Rawles voluntarily surrendered possession of the premises to the plaintiff, who went into possession under his sheriff's deed. A few weeks afterwards Jackson, for value, and without any knowledge of any defect in the sale, purchased the land from the plaintiff in fi. fa., and went into possession thereof under a deed to himself from the plaintiff. The jury returned a verdict for the defendant. Rawles made a motion for a new trial, upon the grounds that the verdict was contrary to law and evidence, and that the court erred in certain portions of the charge to the jury, which, under the view we take of this case, it is not necessary to set forth.

There can be no question about the proposition that an execution not signed by the official authorized to issue the same is not a valid process of court. In the case of *Short* v. *State*, 79 *Ga.* 550, it was held that where a tax fi. fa. was issued and signed by Wm. R. Smith, and it did not appear, either by the addition of the words "tax-collector" to his signature or otherwise on the face of the paper, that he was tax-collector, it was not a legal process. The execution in this case, while made out by the clerk, was not signed at all; and if there is any omission which would render such a process void, it seems to us

that a failure of the proper official to sign the paper would have this effect. But yet, under the facts of this case, we think the plaintiff in error was bound by the sale; that his conduct estops him from setting up title adverse to that acquired by the plaintiff in fi. fa., and his grantee. The principle decided in the case of *O'Kelley* v. *Gholston*, 89 *Ga.* 1, is embodied in section 5472 of the Civil Code, which is in the following words: "Where property is sold under void process and the proceeds are applied to valid liens against the defendant, or he receives the benefit thereof, he is bound thereby, if present and not objecting to the sale." When the sheriff made the levy in this case, the defendant in fi. fa. knew that the execution levied had not been signed by the clerk. He made no objection to the levy, and took no steps to resist its enforcement. The mortgage which had been foreclosed upon his land was a valid lien thereon. The effect of the purchase at the sheriff's sale by the plaintiff in fi. fa. was to credit this lien and the judgment of its foreclosure with the proceeds of the sale. In this way, then, the defendant has received the benefit of such sale. He was present at the sale, knew of the defect in the execution, and did not object to the sale on this account. It is true he states in his testimony that he said, whoever bought the property would buy a lawsuit; but even if this had been heard by the bystanders who were in good faith bidding upon the property, the natural and only inference they could have drawn was that he had reference to claims which other parties were endeavoring to assert to the land, and not any claim that he had which could be urged against the validity of the sale. Besides this, after the sale took place, he did not resist in any way the possession of the property by the plaintiff, but suffered him to enter upon the land and obtain possession thereof under his sheriff's deed. In the light of all these facts, Jackson, an innocent purchaser for value, bought the land from the plaintiff in fi. fa. We think, therefore, the principle announced in the section of the code above quoted is clearly applicable to the facts in this case, and that the verdict of the jury finding for the defendant was demanded by the evidence.					*Judgment affirmed.    All the Justices concurring.*