WARWICK *v.* MADDOX, and *vice versa*.

ATKINSON, J. In 1893 certain real estate was regularly offered for sale by the sheriff of Fulton county. The defendant in the fi. fa. had previously applied for a homestead covering the property, naming his wife as sole beneficiary. On the day of the sale, when the property was offered by the sheriff, the defendant and his counsel were present. The counsel, in the presence of the defendant, announced that there was a homestead application pending, and whoever bought the property would buy subject to this application. After such announcement the property was cried off, and C. D. Maddox, being the only bidder, became the purchaser for the price of $10. A sheriff's deed was regularly executed and recorded. After the sale the defendant continued in possession, residing on the property until 1910, when his wife died, there being no other beneficiary of the homestead estate. Immediately after the death of the beneficiary, Maddox demanded possession of the defendant in fi. fa., and,

upon a refusal to surrender possession, instituted rule proceedings against the sheriff and the defendant in fi. fa. to be put in possession of the property. *Held:*

(*a*) The court correctly held that the applicant was entitled to possession of the property, although the fi. fa. which purported to be signed by the clerk of the superior court of Fulton county had not been actually signed by him, and for that reason might have been invalid. *Biggers* v. *Winkles,* 124 *Ga.* 990 (53 S. E. 397).

(*b*) The defendant was estopped, by the conduct of himself and his counsel at the time of the sale, from contesting the validity of the fi. fa. on the ground that it had not been signed by the proper officer, there being no question as to the validity of the judgment on which the fi. fa. issued. *Reichert* v. *Voss,* 78 *Ga.* 54 (2 S. E. 558), *Allagood* v. *Cook,* 92 *Ga.* 570 (17 S. E. 920); *Mock* v. *Stuckey,* 96 *Ga.* 187 (23 S. E. 107); *O'Kelley* v. *Gholston,* 89 *Ga.* 1 (15 S. E. 123); *Rawles* v. *Jackson,* 104 *Ga.* 593 (30 S. E. 820, 69 Am. St. R. 185).

*Judgment on the main bill of exceptions affirmed; the cross-bill dismissed. All the Justices concur, except Hill, J., not presiding.*

FEBRUARY 13, 1912.

Rule. Before Judge Bell. Fulton superior court. November 2, 1910.

*R. J. Jordan,* for Warwick.

*Walter McElreath,* contra.