## PARKS v. WILLIAMS.

LUMPKIN, J. 1. Where an attachment has been sued out in a justice's court against a non-resident, and no notice has been served as provided by the Civil Code (1910), § 5103, and there has been no bond made or appearance and defense, a general judgment can not lawfully be rendered against the defendant; and if such a judgment be rendered, and an execution be issued accordingly and levied, the sale is void. *Carithers* v. *Venable*, 52 *Ga.* 389; *Kimball* v. *Nicol & Davidson*, 58 *Ga.* 175.

2. A defendant in such an execution may estop himself from denying the validity of the sale by knowingly accepting a balance of the purchase-money left in the hands of the officer after discharging the executions of the plaintiff in attachment, or directing its payment to another creditor, under a settlement with him. *Tribble* v. *Anderson*, 63 *Ga.* 31 (6); *Reichert* v. *Voss*, 78 *Ga.* 54 (2 S. E. 558); *Ray* v. *Pitman*, 119 *Ga.* 680 (46 S. E. 849); Civil Code (1910), § 6077.

(a) If one takes a deed from a defendant so estopped, with knowledge of the facts, he will likewise be estopped; or he may so participate in the transaction as to estop himself, though the deed to him may have been delivered before the actual disposition, by the agreement or direction of the defendant in fi. fa., of the fund left in the hands of the officer making the sale.

3. Where, in a statutory action to recover land held under a sheriff's sale and conveyance, it appeared that the sale was void because based on executions issued upon general judgments where only special judgments could lawfully have been rendered, but the purchaser set up that the plaintiff was estopped from denying the validity of the sale and the purchaser's title thereunder, and introduced evidence to support such contention, there was no error in admitting in evidence, in connection therewith, the sheriff's deed.

4. There was sufficient evidence to authorize the submission to the jury of the issues of estoppel and fraud.

(a) The charge was not altogether accurate or exact. It was especially erroneous to charge, that, if the plaintiffs should recover, the land sued for would be "subject to the purchase-money and the amount paid by the defendant for repairs, taxes, insurance, interest on the purchase-money at seven per cent., less reasonable rents for the property." But, in view of the fact that the jury did not find for the plaintiff, and thus subject the property recovered to the charges mentioned, and in the light of the entire charge and of the evidence, the verdict should not be disturbed or a reversal granted for any of the reasons set up by the plaintiff in error.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
                        FEBRUARY 15, 1912.

Complaint for land. Before Judge Fite. Whitfield superior court. January 4, 1911.

*W. E. Mann* and *M. C. Tarver*, for plaintiff.

*F. K. & C. D. McCutchen*, for defendant.