## CRUMP *v.* CRUMP *et al.*

Where one was present at a sale of land under a fi. fa. issued from a justice court, and participated in the sale by assisting and aiding the purchaser, who was his mother, and to whom he sustained confidential relations, by loaning her money with which to make the purchase and making such "arrangements" as were necessary, he being present "for the purpose of protecting his mother" in what she did, he could not afterwards, having subsequently to the date of the sale bought the interest of the defendant in fi. fa., attack the sale on the ground that it was void because the fi. fa. was not properly backed and the levy was excessive.

JULY 18, 1913.

Partition. Before Judge Brand. Banks superior court. January 26, 1912.

One of the heirs at law of R. G. Crump, deceased, made application for partition of a tract of land in Banks county. It appears from the pleadings and admissions duly made, that the widow of said deceased had a life-estate in said land; that she was dead; that there were several children, each originally owning, at the death of their father R. G. Crump, one undivided seventh vested-remainder interest in the land in question. It was mutually ad-

mitted, that R. T. Crump had purchased and owned the interest of T. R., Crump, and thus owned two sevenths; that J. W. Crump, one of the respondents, had purchased and owned the interest of W. F. Crump, another of the heirs, and thus owned two sevenths; and that two of the heirs, Mem Crump and Mary E. Kesler, each owned one seventh, their original shares. But R. T. Crump, claimed to own a third seventh originally belonging to J. C. A. Crump, through a sheriff's deed under levy and sale to the mother, Mrs. A. H. Crump, and a deed of gift from Mrs. A. H. Crump to R. T. Crump. On the other hand, J. W. Crump claimed to own this seventh under a deed directly from J. C. A. Crump. An order was passed, agreed on by counsel for the respective parties, that certain commissioners appointed should so divide the land as to give R. T. Crump two sevenths, J. W. Crump two sevenths, Mem Crump one seventh, Mary Kesler one seventh, and should lay off one seventh for the interest or share of J. C. A. Crump, and that the question of ownership of this last seventh part should be determined by trial. J. C. A. Crump, having been made a party, appeared and set up a claim to this share. After hearing evidence offered on the trial of the issue, the court directed the jury to return a verdict that the seventh interest belonging originally to J. C. A. Crump belongs to R. T. Crump, and not to J. W. Crump or J. C. A. Crump. J. W. Crump filed a motion for new trial. The motion was sustained and a new trial granted. R. T. Crump excepted.

*H. H. Perry,* for plaintiff in error.

*W. R. Little* and *George L. Goode,* contra.

Beck, J. (After stating the foregoing facts.) We are of the opinion that the verdict directed by the court was demanded under the pleadings and evidence in the case, and that, having properly directed the verdict, the judge erred when subsequently, upon motion of one of the losing parties, J. W. Crump, he set it aside. Whether or not the sale of the interest of J. C. A. Crump in the land in question, which was made by the sheriff of Banks county in the year 1885, would be held to be void on the ground that the levy was excessive, or on the ground that the fi. fa., which was levied by a bailiff of Banks county and under which the sale took place, was not backed by a justice of the peace or a notary public of Banks county, if the question were raised by a party entitled to make such a question, we think the defendant in error was clearly estopped

from making that issue. He was present at the sale; he knew or could have known all the facts upon which he now bases the contention that the sale was void; and yet, under his own evidence, it appears that he participated in the proceedings which resulted in the sale of the land to his mother. With her he gave a note for the principal and interest due on the fi. fa., leaving the fi. fa. to proceed for the cost, which was not paid. The mother was a bidder at that sale, and he was there with her. The defendant in error himself testified that the sheriff put up the land "to sell for the costs, and she bought it in for the costs. I furnished the money, five dollars, and Mother paid it. I loaned her the money. I was with her. I helped her make all the arrangements—trying to protect her in it. I was with her for that purpose. I was with Mother to protect her and try to keep her from being broke up. I was here as long as the sale lasted. I let her have five dollars to pay that cost; that was what went to the sheriff. . I helped her make all the arrangements she made that day."

Considering the relations of the defendant in error to his aged mother, who was being protected by him and assisted by him at the sale, the fact that he loaned her the money to make the purchase, and that he made all the arrangements for her in the purchase and participated in the sale, we do not think that there can be any doubt that he is estopped from now asserting that the mother, whom he had assisted in making the purchase at the sheriff's sale and in obtaining the sheriff's deed executed in pursuance of that sale, did not obtain a title to the land which she purchased. Civil Code, §§ 4627, 4628. See also, in this connection, *Reichert* v. *Voss,* 78 *Ga.* 54 (2 S. E. 558); *Crosby* v. *Meeks,* 108 *Ga.* 126 (33 S. E. 913); *Bourquin* v. *Bourquin,* 120 *Ga.* 115 (47 S. E. 639). And that being true, this plaintiff in error, her grantee in a deed duly executed, also obtained title; and the evidence showing this being uncontroverted, the court, as said above, properly directed a verdict in favor of R. T. Crump, and should have permitted it to stand.

*Judgment reversed. All the Justices concur.*