## PAULK *v.* DORMINEY, administrator.

ATKINSON, J. 1. A deed absolute in form will ordinarily transfer the title of the grantor to the land; but if the grantor remains in possession, it may be shown by parol that the deed was made to secure a debt. Where such a deed is made to secure a debt, the legal title will vest in the grantee, and the equitable title, or right to have the property reconveyed on payment of the debt, will remain in the grantor. Civil Code (1910), § 3258; *Copelin* v. *Williams,* 152 *Ga.* 692 (2) (111 S. E. 186). If the grantee subsequently dies, the grantor would have a similar right against the administrator upon his estate.

2. If, while holding legal title to the land, as indicated in the preceding note, the administrator of the estate sells the land as the property of the estate under an order of the court of ordinary duly granted, the estate would be liable to account to the grantor for the balance of the proceeds of the sale, after discharging the indebtedness of the grantor to the estate.

3. If, while a portion of the debt remains unpaid, the administrator undertakes to sell the property at administrator's sale, the grantor might in an appropriate proceeding assert his equitable interest in the land; but if he fails to do so, and (being an heir at law of the intestate) is informed by the administrator that he will proceed to sell the land as the property of the estate, and charge the entire purchase-price against the distributive share of the grantor in the intestate's estate, and after such statement by the administrator the grantor becomes a successful bidder at the administrator's sale at a price which exceeds the balance due on the secured debt to the intestate, the fact that the grantor bids off the property under such circumstances and receives a deed from the administrator would not, as against the other heirs at law, estop the grantor from asserting his equity, by a suit against the administrator, to have the deed to the intestate declared to be a security deed, and to have an accounting, and have his distributive share in the estate charged with only so much of the price bid as should be necessary to pay the amount found due the estate in the accounting.

(a) This case does not involve any attack on the validity of the administrator's deed, but is essentially a suit for an accounting on the basis of an alleged equity of the plaintiff against the estate of the plaintiff's deceased father, and affects the other heirs of the deceased only in so far as it shall be determined whether or not the amount that should be found due by the estate on the accounting shall be charged against the plaintiff's distributive share in the estate. On

its facts the case differs from and is not controlled by the rulings in the following cases, which were relied on to show estoppel: *Hill* v. *Williams,* 33 *Ga.* 39; *Hanks* v. *Phillips,* 39 *Ga.* 550; *Yahoola River &c. Mining Co.* v. *Irby,* 40 *Ga.* 479; *Long* v. *Ballard,* 59 *Ga.* 355; *Raley* v. *Ross,* 59 *Ga.* 862; *Rosser* v. *Cheney,* 61 *Ga.* 468; *Cruger* v. *Tucker,* 69 *Ga.* 557; *Mock* v. *Stuckey,* 96 *Ga.* 187 (23 S. E. 307); *Harris* v. *Amoskeag Lumber Co.,* 101 *Ga.* 641 (29 S. E. 302); *Jenkins* v. *Southern Railway Co.,* 109 *Ga.* 35 (34 S. E. 355).

4. Applying the principles above stated, the petition set forth a cause of action, and the court erred in dismissing the same on general demurrer.       *Judgment reversed. All the Justices concur.*

No. 3244. January 19, 1923.

Equitable petition. Before Judge Dickerson. Berrien superior court. April 11, 1922.

On June 4, 1908, Mrs. Dora Paulk received a deed from her husband, who was financially embarrassed, conveying certain real estate. Four days later Mrs. Paulk and her husband joined in a deed to S. B. Dorminey, father of Mrs. Paulk, conveying the same property. The deed purported to be absolute in form, and to be based upon a cash consideration of $3300. Mrs. Paulk remained in possession of the land. The deed was executed to Dorminey in order to protect the property from sale under certain judgments against Mr. Paulk, and other debts some of which were secured by the indorsement of Dorminey, the latter agreeing to pay the debts above mentioned, and that the deed should be a security for whatever money he should pay out on that account, and that upon such repayment he would reconvey the property to Mrs. Paulk and her husband. The consideration stated in the deed did not express the value of the property, its true value being eight to ten thousand dollars. After execution of the deed the debts were paid off, and Dorminey was repaid the entire amounts advanced by him for such purpose, with the exception of about $300. While the status was as above indicated S. B. Dorminey died. Mrs. Paulk, being ignorant as to how she should proceed, and believing that a sale by an administrator would be necessary to perfect her title, allowed the property to be sold at administrator's sale under the belief that after deduction of the $300 due the estate of her father the balance would be paid to her. However, as to this, the administrator informed Mrs. Paulk that he would sell the property as the estate of S. B. Dorminey, and charge her with the full amount of the purchase-price. The property was duly advertised and sold by the administrator, and Mrs. Paulk became the purchaser at the

price of $8531. The administrator executed a deed to her, and charged the amount of her bid against her distributive share in her father's estate. After the sale Mrs. Paulk instituted an action against the administrator. The petition alleged the facts substantially hereinbefore stated; and prayed, that the deed first above mentioned be decreed to be a security deed; that it be ascertained what amount was due the estate on account of the alleged transaction with her father; and that her distributive share in her father's estate be charged with only so much of the purchase-price as was necessary to repay the balance due on the secured debt. The judge sustained a general demurrer to the petition, and dismissed the action. The plaintiff excepted.

*W. D. Buie,* for plaintiff.

*J. A. Alexander* and *A. J. & J. C. McDonald,* for defendant.