## 19779. GIBBS v. GOLDEN LIVE STOCK COMPANY.

JENKINS, P. J. It appears in this case that the plaintiff in attachment proceeded under the statute providing for "short-order" sales, and was not proceeding under any power of sale provided for by his contract, and that the sale was void, in that the requirements of the statute governing "short-order" sales had not been fully complied with. However, it further appears that the defendant in attachment was not only present at the sale, and made no objection thereto, but then and there made a bid on the property. Consequently, he must be taken to have consented to the sale as made, under the provisions of section 6077 of the Civil Code (1910), that "where property is sold under void process and the proceeds are applied to valid liens against the defendant, or he receives the benefit thereof, he is bound thereby, if present and not objecting to the sale." The only defense to the declaration in attachment brought to recover the balance of the purchase-money note, after crediting the proceeds of the sale, being that the defendant was discharged by reason of the conversion of the property on account of the alleged void sale, and that defense being without merit, on account of the waiver or consent on the part of the defendant, the court did not err in directing a verdict in favor of the plaintiff.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 25, 1930.

*Perry & Tipton,* for plaintiff in error.
*Smith & Ferguson,* contra.