21287.   JOHNSTON *et al. v.* HIGDON *et al.*

JENKINS, P. J. While a court of equity, in receivership proceedings, is authorized to award to counsel filing the petition and representing the moving creditor reasonable fees for services thus rendered, to be paid out of the fund brought into court for distribution (Civil Code of 1910, § 5488), and while in garnishment cases the expenses of the moving creditor, including reasonable attorney's fees, are to be paid out of the fund going to judgment creditors receiving the benefit of his diligence (*Whaley* v. *Cunningham,* 41 *Ga.* 320; Civil Code of 1910, § 5290), and while "in claim cases the attorney causing the levy and prosecuting the rights of the plaintiff in fi. fa. shall be entitled to his fees from the proceeds of the property condemned" (Civil Code of 1910, § 3374), there is no rule of law by which the attorney representing the fi. fa that brings the money into court is given a preference to the prejudice of older or superior liens, where money is realized simply by levy and sale.

*Mitchell* v. *Alkins,* 71 *Ga.* 680; *Waters* v. *Greenway,* 17 *Ga.* 592. And see *Baxter* v. *Bates,* 69 *Ga.* 587, 588. In the instant money-rule case, where the contest was between a common-law fi. fa. and a special lien for attorney's fees arising out of the recovery of the property levied upon in previous litigation, the court did not err in awarding the fund in court to the holder of the special lien, to the exclusion of the attorney representing the fi. fa. which brought the fund into court.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 12, 1931.

*D. K. Johnston,* for plaintiffs in error.

*Eldon O. Haldane, T. B. Higdon, James T. Wright, Mitchell & Mitchell,* contra.

*Judgment affirmed. Stephens and Bell, JJ., concur.*