## 22970. GREENWOOD *v.* McGEE.

DECIDED FEBRUARY 23, 1934.

*T. B. Higdon,* for plaintiff.

*Don K. Johnston, G. N. Bynum, J. B. Jones,* for defendant.

SUTTON, J. This was an action in trover in the municipal court of Atlanta by Mrs. Jessie L. Greenwood against R. W. McGee. The trial judge directed a verdict for the plaintiff, which was affirmed by the appellate division of that court. The case was taken to the superior court by certiorari, and that court granted a new trial to the defendant. To this judgment the plaintiff excepts.

"Where property is sold under void process and the proceeds are applied to valid liens against the defendant, or he receives the benefit thereof, he is bound thereby, if present and not objecting to the sale." Civil Code (1910), § 6077. The principle underlying this section of the code had its origin in the doctrine of equitable estoppel, and, in construing it, it should be given that meaning which will accomplish the object and purpose intended to be effected by equitable estoppel. The code section just mentioned is a codification of the principle enunciated in *O'Kelley* v. *Gholston,* 89 *Ga.* 1, 8 (15 S. E. 123). In that case it was held that a levy entered on a fi. fa. was void for uncertainty, and that where the defendant in execution was present at the sale and mentally competent to consent to the sale, and did consent, and got the benefit of it in the application of the proceeds to valid judgments against him, his administrator, as well as himself, would be bound thereby. In that case the court cited *Tribble* v. *Anderson,* 63 *Ga.* 31, and *Reichert* v. *Voss,* 78 *Ga.* 54 (2 S. E. 558), to sustain its holding on this point. In the *Tribble* case there was a void sale of mules by a constable, and the court held that the purchaser got no title, but that the owner of the mules, with knowledge of all the facts, acquiesced in the sale and hired the mules from the purchaser. The court ruled that this constituted an adoption of the constable's void act and a ratification of the sale. In the *Reichert* case the sale was void "two or three times over." The debtor assisted the levying officer to carry the property to the place of sale. He was present at the sale or so near by that he could easily have objected, but made no objection and allowed the sale to proceed and the purchaser to pay his money for the mules. Judge Bleckley, in the opinion, said "In the face of these acts, he can not take the benefit of the money which

the sale produced [the proceeds being applied to fi. fas. against the defendant held by the sheriff], and at the same time recover the property or its value from the purchaser. In its principle this case is as strong for estoppel as was that of *Tribble* v. *Anderson*."

In *Block* v. *Henderson, 82 Ga.* 23, 26 (8 S. E. 877, 3 L. R. A. 325, 14 Am. St. R. 138), it was said that if a judgment is executed by selling the property levied on, and the defendant in execution stands by and sees it sold and helps sell it, he is bound, not because the sale was a valid one, but because he had stood by and allowed an innocent party to purchase the property without any notice on his part. In *Allen* v. *Brown,* 83 *Ga.* 161 (9 S. E. 674), it was held that "where a defendant's property is levied on and properly advertised, and he voluntarily brings it to the place of sale and stands by and sees it sold, without giving notice or raising any objection, he is estopped from recovering the property or its value from the purchaser, though the officer as such had no legal authority to sell." In *Mock* v. *Stuckey, 96 Ga.* 187 (23 S. E. 307), it was held that where the defendant in execution was present at the sale and bid on the property, and made no objection to the sale until after it had been completed, he thereby waived his right to afterwards deny the validity of the sale. In *Lackey* v. *Pool,* 97 *Ga.* 718 (25 S. E. 174), it was held that "One whose personal property was levied upon under an illegal or void process, and who not only failed to take any steps to prevent its sale thereunder, but, by his attorney, consented to an order of court directing a speedy sale, and who was present at the sale making no objection, and either then, or previously, informed others that the purchaser at the sale would get a good title, was estopped from complaining of the illegal levy and denying the validity of the sale, though he gave no express consent to the same." Justice Lumpkin, in the opinion of the court, said: "If ever human conduct amounted to an estoppel, it seems indisputable that in the present case the plaintiff absolutely forfeited any right he may have had to complain of the levy as illegal, or to deny the validity of the sale. It does not appear that he expressly assented thereto, but the course he pursued throughout the entire transaction amounted practically to the same thing. If, in cases of this character, express ratification on the part of the complaining party were the exclusive test, without regard to conduct on his part from which the law would imply a tacit assent, the doctrine of estoppel would have an exceedingly limited operation."

In *Rawles* v. *Jackson,* 104 *Ga.* 593 (30 S. E. 820, 69 Am. St. R. 185), it was held that "Ordinarily a sheriff's sale under an execution not signed by the officer authorized to issue the same is void; but where the execution is based upon the foreclosure of a mortgage on the property sold, and the defendant, who was present at the sale, knows the fact that the execution was not signed, and makes no objection to the sale on that account; and where, after the purchase of the property at such sale by the plaintiff in fi. fa., the defendant surrenders possession to the plaintiff, who afterwards conveys the property to an innocent purchaser for value, the defendant is bound by the sale, and can not maintain an action of ejectment for the recovery of the property on account of its sale under void process." In that case the court said: "The mortgage which had been foreclosed upon the land was a valid lien thereon. The effect of the purchase at the sheriff's sale by the plaintiff in fi. fa. was to credit this lien and the judgment of its foreclosure with the proceeds of the sale. In this case, then, the defendant has received the benefit of the sale. He was present at the sale, knew of the defect in the execution and did not object to the sale on this account." In *Warwick* v. *Maddox,* 137 *Ga.* 496 (73 S. E. 738), certain property was sold by the sheriff, and the defendant and his counsel were present. The fi. fa. under which the sheriff sold the property was invalid, but no objection was made by the defendant or his counsel. The Supreme Court held that "The defendant was estopped, by the conduct of himself and his counsel at the time of the sale, from contesting the validity of the fi. fa., there being no question as to the validity of the judgment on which the fi. fa. issued." In *Allagood* v. *Cook,* 92 *Ga.* 570 (17 S. E. 920), there was a sale under an execution, and the levy was probably excessive, and the court held that the defendant, being present and not objecting to the sale, was bound thereby. Where a general judgment was unlawfully entered in an attachment case against a nonresident, there being no notice served, and there being no bond made or appearance or defense by the defendant, a sale made under an execution issuing on the judgment was void. However, in *Parks* v. *Williams,* 137 *Ga.* 578 (73 S. E. 839), the Supreme Court held that "A defendant in such an execution may estop himself from denying the validity of the sale by knowingly accepting a balance of the purchase-money left in the hands of the officer after discharging the executions of the

plaintiff in attachment, or directing its payment to another creditor, under a settlement with him." Also see, in this connection, *Ray* v. *Pitman,* 119 *Ga.* 678, 680 (46 S. E. 849) ; *Crump* v. *Crump,* 140 *Ga.* 318 (78 S. E. 1066) ; *Coursey* v. *Coursey,* 141 *Ga.* 68 (80 S. E. 462) ; *Gibbs* v. *Golden Live Stock Co.,* 40 *Ga. App.* 808 (151 S. E. 556). See *Hogg* v. *Truitt Co.,* 150 *Ga.* 139 (102 S. E. 826), citing *Ashley* v. *Cook,* 109 *Ga.* 653 (35 S. E. 89). In *Hogg* v. *Truitt Co.* it was held that where the defendant in fi. fa. was present at the sale, not objecting thereto, although not bidding, he was estopped and could not question the validity of the sale.

In the case at bar it appears that T. B. Higdon, attorney at law, represented Mrs. Jessie L. Greenwood in a claim proceeding filed in the case of B. H. Greenwood *v.* W. H. Greenwood. In that proceeding she recovered a piano, which was the subject of the claim and which is the same piano that is the subject of this litigation. B. H. Greenwood held an execution against Mrs. Jessie L. Greenwood, and thereafter had it levied upon this piano as the property of Mrs. Jessie L. Greenwood. The property was advertised for sale on November 4, 1930, on the premises where it had been levied on. At the court-house door was the only place where the sale could be legally made. *King* v. *Castlen,* 91 *Ga.* 488 (2) (18 S. E. 313). Higdon claimed a fee in the claim case, in which the piano' was recovered for Mrs. Jessie L. Greenwood, and on September 29, 1930, filed a lien in the clerk's office of Fulton superior court. On October 14, 1930, Higdon foreclosed said lien in the municipal court of Atlanta, and execution in the sum of $100 was issued and placed in the hands of the sheriff on that day. At that time the piano was being held by the sheriff under the levy of said execution against Mrs. Jessie L. Greenwood. As to the right of the attorney to a fee out of the proceeds of the sale of the piano, see Civil Code (1910), § 3374; *Johnston* v. *Higdon,* 44 *Ga. App.* 313 (161 S. E. 382). On November 3, 1930, Higdon lodged with the sheriff holding said execution against Mrs. Jessie L. Greenwood and said execution for the attorney's fee, an affidavit objecting to the sale of said property being had at the place where levied on, and setting up that neither he, as attorney claiming a lien on the piano, nor the defendant in execution had consented that the sale be had at said place, and that he, as attorney for the defendant in fi. fa. and in his own behalf as claiming a lien on the funds to be realized from the sale of the

piano, demanded that the sale be had in front of the court-house door. In the affidavit it was stated that the defendant in fi. fa. and her husband were out of the city, and that Higdon had received a telegram requesting him to represent the defendant in fi. fa. at the sale, and that as he was engaged in the trial of a case on November 4, 1930, in the municipal court of Atlanta, he could not be present either in his own behalf or in behalf of the defendant in fi. fa., if the sale was held at the place advertised, but if it was held before the court-house door, he could leave the courtroom long enough to be present and bid on the property. Nevertheless, Higdon, on the day of the sale, November 4, 1930, accompanied the sheriff to the place of sale and participated therein, bidding on the piano. The piano was bid off by the plaintiff in fi. fa. for $100, and he transferred his bid to his wife, Mrs. Cora L.. Greenwood, and the sheriff made a bill of sale directly to her. Said attorney Higdon filed his petition claiming the funds realized from the sale to satisfy his lien on the property for an attorney's fee. The court awarded him the fund, which satisfied the fee due him by Mrs. Jessie L. Greenwood. The defendant in the present trover proceeding, Dr. R. W. McGee, purchased the piano from Mrs. Cora L. Greenwood, paying her $200 therefor. He knew nothing about the title to the piano, but relied on the bill of sale from the sheriff to his vendor, which was regular on its face and showed an apparent legal sale of the property.

Under the circumstances, we are of the opinion, that, as the attorney appeared at the sale, representing the defendant in fi. fa. and himself, bid on the property, and received the proceeds of the sale, the benefit of which the defendant received by the same being applied in satisfaction of the attorney's lien against her, a jury would be authorized to find that the defendant was bound by the sale and estopped from recovering the property in a suit brought for this purpose. *Tune* v. *Beeland,* 131 *Ga.* 528 (3) (62 S. E. 976).

Moreover, the sustaining of the certiorari by the judge of the superior court and granting a new trial to the defendant, where the verdict for the plaintiff was not demanded under the evidence, will not be disturbed. Such action on the part of the judge of the superior court is the equivalent of a first grant of a new trial. *Freeman* v. *Franklin,* 47 *Ga. App.* 265 (170 S. E. 321).

It follows that the judge of the superior court did not err in sustaining the certiorari and granting the defendant a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*